[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 110) CT Page 6928
The instant action arises out of an automobile accident. On February 10, 1989, the plaintiff, Jacqueline McGhie, was a passenger in a taxi cab owned by the defendant Reliable Taxi Co., Inc. ("Reliable") and operated by the defendant Ernest Thompson ("Thompson"), an employee of Reliable. On said date, the vehicle operated by Thompson collided with a vehicle owned and operated by Keith Johnson ("Johnson"). As a result of the accident, the plaintiff sustained injury.
The plaintiff commenced the instant negligence action against the defendants Reliable and Thompson (hereinafter the "Original Defendants") on February 3, 1991. On April 9, 1991, the Original Defendants filed an answer.
On October 22, 1991, the Original Defendants filed a motion to cite in Johnson as an additional defendant (hereinafter the "Additional Defendant") pursuant to General Statutes 52-102, which was granted by the court on November 11, 1991. Thereafter, on November 15, 1991, the Original Defendants caused a writ, summons and complaint to be served upon the Additional Defendant.
On May 7, 1992, the Original Defendants filed a motion for default for failure to plead against the Additional Defendant, which was granted by the court on May 12, 1992. Subsequently, on November 6, 1992, without opening the default, the Additional Defendant filed a motion to strike the complaint along with a memorandum of law in support thereof. On April 8, 1993, the Original Defendants filed an objection to the motion to strike along with a memorandum of law.
 I
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of the allegations of any counterclaim. Practice Book 152(1); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions of the truth or accuracy of CT Page 6929 opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike . . . , a trial court must take the facts to be those alleged in the complaint; . . . and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe the counterclaim "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991), citing Michaud v. Wawruck, 209 Conn. 407, 408,551 A.2d 738 (1988). Where the facts provable under the allegations of the counterclaim would not support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989).
It should first be noted that the Original Defendants object to the motion to strike on the ground that the Additional Defendant was defaulted for failure to plead on May 12, 1992. The Original Defendants argue that, since the Additional Defendant has failed to open the default, he may not now file a motion to strike.
Practice Book 363A provides, in pertinent part, that "[i]f a party who has been defaulted under this section files an answer before a judgment upon the default has been rendered by the court, the court shall automatically set aside the default." (Emphasis added.) Practice Book 363A. The only papers a party who has been defaulted may file without opening the default is an answer. If a defaulted party wishes to file a motion to strike, the party must first move the court to open the default pursuant to Practice Book 376. See The Neiman Marcus Group, Inc. v. Meehan, 5 Conn. L. Rptr. 16, 17 (September 19, 1991, Schaller, J.). Therefore, since the Additional Defendant has not had the default opened, the motion to strike is not properly before the court.
Accordingly, the motion to strike is denied.
SANDRA VILARDI LEHENY CT Page 6930