[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE: MOTION TO STRIKE
The defendant is currently in default as a result of the June 15, 1993 granting of plaintiff's motion for default based upon the defendant's failure to plead. The Connecticut Practice Book establishes two procedures for opening or setting aside such a default. Practice Book 363A. A second procedure, provided by Practice Book 376, states that "[a] motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose." Practice Book 376.
"The only papers a party who has been defaulted may file without opening the default is an answer. If a defaulted party wishes to file a motion to strike, the party must first move the court to open the default pursuant to Practice Book 376." McGhie v. Reliable Taxi Company, Inc., 8 CSCR 904, 805 (August 4, 1993, Leheny, J.). A motion to strike cannot be entertained when a motion for default has been granted against the defendant and the defendant has not moved to open the default pursuant to Practice Book 376. The Neiman Marcus Group, Inc. v. Meehan,5 Conn. L. Rptr. 16, 17 (September 19, 1991).
The defendant in the present case has neither filed an answer pursuant to Practice Book 363A, nor moved to set aside the default and a motion to open pursuant to 376 is required by the defendant prior to the filing of the motion to strike. If the defendant were to file an answer, the default would automatically be set aside, however, the defendant would be precluded from filing a motion to strike. Practice Book 112, 113, 363A. The plaintiff's objection to the defendant's motion to strike is sustained.
/s/ Sylvester, J. SYLVESTER, J. CT Page 8561