IN RE JENNIFER G.*
(11092)

DUPONT, C. J., LAVERY and FREEDMAN, Js.

Argued September 23—decision released December 15, 1992

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 4166B.2, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Bruce A. Tonkonow,* state's advocate, for the appellant (petitioner).

*Ann M. Guillet,* assistant public defender, with whom, on the brief, was *Deborah Smith,* law student intern, for the appellee (respondent).

DUPONT, C. J. The state appeals from a judgment of the trial court dismissing, on its own motion, one count of a petition of delinquency. The petition alleged, inter alia, that the respondent was a delinquent child for having committed the offense of risk of injury to a child in violation of General Statutes § 53-21. The court's dismissal was made after it heard the state's case-in-chief. We affirm the judgment of the court.

The respondent, a fifteen year old, was operating a motor vehicle in a lawful manner when she was stopped by a police officer in connection with the investigation of a domestic dispute. She had no driver's license and was arrested for operating a motor vehicle without a license. During the stop, the officer noticed a baby in an infant carrier between the driver's seat and the front passenger's seat. Because the infant carrier was not secured to anything, the officer also arrested her for failure to have a child restraint system. The case was referred to the Superior Court for Juvenile Matters. The delinquency petition charged her with operating a motor vehicle without a license. Thereafter, the charge of risk of injury to a child was added by the state's advocate. The charge of failure to have a child restraint system was not one of the bases of the delin-

quency petition. Jennifer G. was adjudicated a delinquent based on her admission that she had operated a motor vehicle without a license.

The court dismissed the risk of injury count because the risk of injury statute was not intended "to cover this sort of situation, and that there is another statute which is specifically passed to cover this situation. And, looking at these two statutes together, both valid statutes, the court believes that the proper statute to cover this kind of situation is [General Statutes §] 14-100a (d)."

The state has framed its issue on appeal as being whether a trial court may substitute its discretion for that of the prosecutor by dismissing a charge on its own motion based on the court's determination that a different charge would have been more appropriate. The state thus views the issue as implicating a prosecutor's ability to choose the charges for prosecution without interference by a court.

It is well settled that a "prosecutor has broad discretion in determining what crime or crimes to charge in any particular situation." *State* v. *Menzies,* 26 Conn. App. 674, 680, 603 A.2d 419, cert. denied, 221 Conn. 924, 608 A.2d 90 (1992); see also *State* v. *O'Neill,* 200 Conn. 268, 279–80, 511 A.2d 321 (1986); *State* v. *Haskins,* 188 Conn. 432, 473–74, 450 A.2d 828 (1982). " 'So long as [the prosecutor] acts within the jurisdiction of his office it is not appropriate for a court to set policy for the performance of his prosecutorial function.' " *State* v. *Menzies,* supra, 681, quoting *State* v. *Haskins,* supra, 474.

The respondent does not dispute that the state's advocate, the prosecutor in this instance, has broad discretion to determine what statute to charge in any particular situation. She argues, instead, that General

Statutes § 54-56[1] provides the court with the power to dismiss the charge. The respondent also argues that the delinquency petition, to the extent that it charges a violation of General Statutes § 53-21, was fatally defective because it charged in the disjunctive as to the alternate types of behavior prohibited by that statute. See *State* v. *Eason,* 192 Conn. 37, 470 A.2d 688 (1984). The respondent claims that either alternative ground supports the court's judgment.

Although the respondent did not file a preliminary statement of issues for an alternative ground for affirmance of the trial court's decision, this failure by the respondent does not preclude us from considering an alternative ground. " ' "This court is authorized to rely upon alternative grounds supported by the record to sustain a judgment." ' " *Kelley* v. *Bonney,* 221 Conn. 549, 592, 606 A.2d 693 (1992), quoting *Latimer* v. *Administrator,* 216 Conn. 237, 252, 579 A.2d 497 (1990). Furthermore, the state was not prejudiced by the respondent's failure to submit a preliminary statement of issues on the alternative ground. The state could have filed a reply brief to counter the alternative ground asserted in the respondent's brief but chose not to do so.

A court has the power to dismiss a criminal prosecution, on its own motion, if there is a fundamental legal defect in the information or a constitutional defect. *State* v. *Carr,* 172 Conn. 608, 610, 376 A.2d 74 (1977). In *State* v. *Eason,* supra, our Supreme Court held that a substitute information that charged the defendant in

---

[1] "[General Statutes] Sec. 54-56. DISMISSAL OF INFORMATION BY COURT. All courts having jurisdiction of criminal cases shall at all times have jurisdiction and control over informations and criminal cases pending therein and may, at any time, upon motion by the defendant, dismiss any information and order such defendant discharged if, in the opinion of the court, there is not sufficient evidence or cause to justify the bringing or continuing of such information or the placing of the person accused therein on trial."

the disjunctive was fatally defective. In *Eason,* the court stated that a substitute information charging risk of injury to a child was "improperly drafted since '[a]n information which charges the commission of two or more offenses in the alternative is fatally defective for the reason that it does not definitely apprise the accused of the specific charge against him. Though the statute makes criminal the commission of several acts stated disjunctively, the information must charge in the conjunctive since otherwise it would be uncertain which of two or more accusations was intended.' " Id., 40, quoting *Grasso* v. *Frattolillo,* 111 Conn. 209, 212, 149 A. 838 (1930).

In this case, the trial court could have found that the delinquency petition contained a fundamental legal defect because the delinquency petition charged the crime of risk of injury to a child in the disjunctive and, therefore, did not give the respondent adequate notice of the charge against her. Prior to the trial, the respondent filed a motion for a bill of particulars and specifically requested clarification as to the risk of injury count. The state did not comply in writing as was requested. The respondent also alerted the state to this defect twice when the respondent made two separate motions to dismiss this count based on this defect in the delinquency petition. The court denied both of the respondent's motions. Although the state did amend its charge against the respondent, the amended charge still contained the same fundamental legal defect. Since this defect violated the respondent's federal and state constitutional rights to adequate notice of the charges against her, the court was within its power to dismiss this count on its own motion.

Where a trial court reaches the correct result, but has based that result on mistaken grounds, " 'this court has repeatedly sustained the trial court's action if proper grounds exist to support it.' " *Kelley* v. *Bon-*

*ney,* supra; *Amore* v. *Frankel,* 29 Conn. App. 565, 573, 616 A.2d 1152 (1992); *New London* v. *Zoning Board of Appeals,* 29 Conn. App. 402, 409, 615 A.2d 1054 (1992). While we do not agree with the trial court's reason for dismissal of the risk of injury count, we do agree with the respondent's alternative argument that the delinquency petition was fatally defective. Consequently, the dismissal of the risk of injury charge was proper.

The judgment is affirmed.

In this opinion the other judges concurred.