PAMELA J. DELFINO ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE CITY OF TORRINGTON ET AL.
(11218)
(11220)

DALY, LANDAU and FREEDMAN, Js.

Argued November 30, 1992—decision released February 23, 1993

*Albert G. Vasko,* corporation counsel, for the appellant (named defendant).

*Peter C. Herbst,* with whom, on the brief, was *Lynn D. Wittenbrink,* for the appellant (defendant Joseph J. Ficca).

*Michael D. Rybak,* for the appellees (plaintiffs).

FREEDMAN, J. The defendants, the planning and zoning commission of the city of Torrington (commission) and Joseph J. Ficca, appeal from a decision of the trial court sustaining the plaintiffs'[1] appeal from a change of zone granted to Ficca. The defendants claim that the trial court improperly sustained the plaintiffs' appeal upon finding that the commission lacked subject matter jurisdiction because it failed to comply properly with the notice requirements of General Statutes § 8-3b.[2] The plaintiffs argue, however, that even if this

---

[1] The plaintiffs own land on Torrington Street in Torrington, which abuts the land of the defendant Ficca.

[2] "[General Statutes] Sec. 8-3b. NOTICE TO REGIONAL PLANNING AGENCY OF PROPOSED ZONE OR ZONE USE CHANGE. When the zoning commission of any municipality proposes to establish or change a zone or any regulation affecting the use of a zone any portion of which is within five hundred feet of the boundary of another municipality located within the area of operation of a regional planning agency, the zoning commission shall give written

court were to reverse the decision of the trial court on this notice issue, there are four alternate grounds upon which the judgment of the trial court should be affirmed. The four alternate grounds are (1) the failure of the commission to file a copy of the proposed zone change map with the city clerk's office no later than ten days before the public hearing, as required by General Statutes § 8-3 (a),[3] (2) the failure of the commission to notify the neighboring municipality of New Hartford as required by General Statutes § 8-3h,[4] (3)

notice of its proposal to the regional planning agency or agencies of the region in which it and the other municipality are located not later than thirty-five days before the public hearing to be held in relation thereto. The regional planning agency shall study such proposal and shall report its findings and recommendations thereon to the zoning commission at or before the hearing, and such report shall be read aloud at the hearing. . . . If such report of the regional planning agency is not submitted at or before the hearing, it shall be presumed that such agency does not disapprove of the proposal. A regional planning agency receiving such a notice may transmit such notice to the secretary of the office of policy and management or his designee for comment. The planning agency may designate its executive committee to act for it under this section or may establish a subcommittee for the purpose. The report of said planning agency shall be purely advisory."

[3] General Statutes § 8-3 (a) provides in pertinent part: "No . . . [zoning district] boundary shall become effective or be established or changed until after a public hearing in relation thereto . . . at which parties in interest and citizens shall have an opportunity to be heard. Notice of the time and place of such hearing shall be published in the form of a legal advertisement appearing in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days nor less than ten days, and the last not less than two days, before such hearing, and a copy of such proposed . . . boundary shall be filed in the office of the town, city or borough clerk, as the case may be, in such municipality, but, in the case of a district, in the offices of both the district clerk and the town clerk of the town in which such district is located, for public inspection at least ten days before such hearing, and may be published in full in such paper. . . ."

[4] "[General Statutes] Sec. 8-3h. NOTICE TO ADJOINING MUNICIPALITIES. The zoning commission of any municipality shall notify the clerk of any adjoining municipality of the pendency of any application, petition, request or plan concerning any project on any site in which: (1) Any portion of the property affected by a decision of such zoning commission is within five hundred feet of the boundary of the adjoining municipality; (2) a signifi-

the failure of the commission to file a copy of the final map with the city clerk's office prior to the effective date of the zone change, as required by General Statutes § 8-3 (d), and (4) the receipt by the commission of an ex parte communication from the applicant's attorney after the close of the public hearing. Although we conclude that the trial court was incorrect in sustaining the plaintiffs' appeal on the grounds that it did, we affirm the judgment of the trial court on one of the alternate grounds put forth by the plaintiffs.

The following facts, either found by the trial court or not disputed by the parties, are relevant to this appeal. On April 12, 1990, Ficca applied to the commission for a change of zone of land owned by him from R-15 residential to RCC restricted residential community. Notice of a public hearing on Ficca's application, which hearing was scheduled for May 23, 1990, was published in accordance with the applicable statutory provisions. Notice of this hearing was sent to the Litchfield Hills Council of Elected Officials, the regional planning agency for Torrington and New Hartford, on May 3, 1990, twenty days prior to the hearing. On the same date, notice of the public hearing was also given to the neighboring municipality of New Hartford. The public hearing commenced on May 23, 1990. After evidence was taken on that date, the hearing was con-

cant portion of the traffic to the completed project on the site will use streets within the adjoining municipality to enter or exit the site; (3) a significant portion of the sewer or water drainage from the project on the site will flow through and significantly impact the drainage or sewerage system within the adjoining municipality; or (4) water runoff from the improved site will impact streets or other municipal or private property within the adjoining municipality. Such notice shall be made by certified mail, return receipt requested, and shall be mailed within seven days of the date of receipt of the application, petition, request or plan. No hearing may be conducted on any application, petition, request or plan unless the adjoining municipality has received the notice required under this section. Such adjoining municipality may, through a representative, appear and be heard at any hearing on any such application, petition, request or plan."

tinued to and concluded on June 13, 1990. The regional planning agency submitted a written report to the commission prior to the commencement of the public hearing. On September 13, 1990, the commission voted to grant the Ficca application with certain changes. Notice of this decision was published in accordance with the applicable statutory provisions. A copy of the final map as approved was never filed with the city clerk.

In light of the trial court's disposition of the matter on the grounds of improper notification to the regional planning agency, it made no findings as to whether a copy of the proposed zone change map was filed with the city clerk prior to the public hearing. At the hearing before the trial court, Addo Bonetti, the Torrington city clerk, testified that no map of the proposed zone change was ever filed in his office. Candi Deleppo, an employee of the Torrington planning and zoning office, testified that she brought the map to the office of the city clerk for filing on May 30, 1990.

I

In *Edelson* v. *Zoning Commission,* 2 Conn. App. 595, 481 A.2d 421 (1984), this court held that the failure to give notice to the regional planning agency as required by General Statutes § 8-3b; see footnote 2, supra; constitutes a jurisdictional defect that renders the actions of the commission null and void. Subsequently in *Lauer* v. *Zoning Commission,* 220 Conn. 455, 459–65, 600 A.2d 310 (1991), our Supreme Court held that failure to give notice to an adjoining municipality as required by General Statutes § 8-3h; see footnote 4, supra; does not implicate a commission's subject matter jurisdiction, involves only personal jurisdiction, may be waived, and may be raised only by the one to whom notice must be sent. *Lauer* drew the distinction between statutorily required published notice to the general public and statutorily required personal notice to specific entities

or individuals. "The purpose of a personal notice statute is to give *actual* notice to [the person entitled to notice]. . . . Therefore, if a person has actual notice of a hearing, the failure to give mailed notice does not frustrate the purpose of the notice provision. . . . The purpose of publishing notice to the general public, however, is to notify, by means of legal advertisements, as much of the population as possible of contemplated zoning actions. . . . In the absence of newspaper publication, unknown individuals with an interest in zoning matters would have no way of learning what zoning decisions were being contemplated. Failure to provide such notice deprives the administrative tribunal of subject matter jurisdiction even when the complaining party appeared at the public hearing since the legislative intent to notify the public constructively would otherwise be frustrated. . . . Thus, what is required is *not actual notice, but, rather, constructive notice."* (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 462.

We are persuaded that the reasoning in *Lauer,* decided in 1991, effectively overrules *Edelson,* decided in 1984. Although *Lauer* dealt with General Statutes § 8-3h, its reasoning applies with equal vigor to the requirements of General Statutes § 8-3b. Both General Statutes § 8-3h and § 8-3b require notice to a specific entity. In the case of § 8-3h, it is an adjoining municipality; in the case of § 8-3b, it is a regional planning agency. In neither case is the notice designed to inform the general public. Indeed, as the dissent in *Lauer* points out, § 8-3h provides that "[n]o hearing may be conducted on any application, petition, request or plan unless the adjoining municipality has received the notice required under this section," language that the *Lauer* majority refused to give subject matter jurisdiction status. No such language, or anything similar thereto, appears in § 8-3b. In fact, § 8-3b

specifically provides that "[t]he report of said planning agency shall be purely advisory." This is further indication that the failure to notify the regional planning agency properly, like the failure to notify an adjoining municipality properly, should not be elevated to the status of depriving a commission of subject matter jurisdiction. We conclude, therefore, that the trial court was incorrect when it found that the notice to regional planning agency, having been given twenty days before the public hearing rather than thirty-five days, as provided in § 8-3b, deprived the commission of subject matter jurisdiction.

## II

This court may, however, rely on alternative grounds supported by the record to sustain a judgment. Where a trial court reaches the correct result, but has based that result on mistaken grounds, we will sustain the trial court's action if proper grounds exist to support it. *Kelley* v. *Bonney,* 221 Conn. 549, 592, 606 A.2d 693 (1992); *In re Jennifer G.,* 29 Conn. App. 689, 692–94, 617 A.2d 921 (1992). We now turn to the first alternative ground to uphold the trial court's judgment urged by the plaintiffs.

The plaintiffs claim that the commission lacked subject matter jurisdiction to consider Ficca's application because a map of the proposed zone change was not filed in the city clerk's office at least ten days before the public hearing. General Statutes § 8-3 (a); see footnote 3, supra; which delineates the requirements for published notice preceding a public hearing on a proposed change of zone, provides in pertinent part that "a copy of such proposed regulation or boundary shall be filed in the office of the town, city or borough clerk, as the case may be, in such municipality . . . for public inspection at least ten days before such hearing . . . ." The published notice in this matter appeared in the local newspaper as follows:

"Applicant: Joseph J. Ficca
Location: Torrington Street
Proposal: Zone change from R-15 Residential
to R.R.C. Restricted Residential
Community on 163.5 acres.

"As shown on map entitled Land Use Plan, Torringford Hills Estate, Torrington St., Torrington, CT. dated 4/12/90, prepared by Richard E. Couch, P.E. St. of Ct. Lic. 15480

"Time of hearing: Immediately following the close of the first hearing.

"Copies of the application and map are on file in the Planning & Zoning Office and the City Clerk's Office, 140 Main St., Torr., CT. for inspection prior to the hearings."

The underlying reason for the publication requirements of General Statutes § 8-3 (a) is to not "permit changes, exceptions or relaxations [in zoning matters] except after such full notice as shall enable *all* those interested to know what is projected and to have opportunity to protest, and as shall insure fair presentation and consideration of all aspects of the proposed modification. . . ." (Emphasis in original; internal quotation marks omitted.) *Timber Trails Corporation* v. *Planning & Zoning Commission,* 222 Conn. 374, 379, 610 A.2d 617 (1992).

It is quite obvious that if the map referred to in the published notice of the public hearing in this matter was not in fact on file in the office of the city clerk, as required by § 8-3 (a), it would be impossible for all those interested to know with any degree of intelligence exactly what was proposed in this application for a change of zone. *Bombero* v. *Planning & Zoning Commission,* 17 Conn. App. 150, 153–55, 550 A.2d 1098 (1988). " 'Compliance with the statutory procedure [for

public notice set forth in General Statutes § 8-3 (a) is] . . . a prerequisite to any valid and effective change in zonal boundaries.' " *Timber Trails Corporation* v. *Planning & Zoning Commission,* supra, 378; *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 481, 133 A.2d 901 (1957). The failure to file such maps in this matter deprives the commission of subject matter jurisdiction and any zone change granted is invalid. *Scovil* v. *Planning & Zoning Commission,* 155 Conn. 12, 14–15, 230 A.2d 31 (1967); *Bombero* v. *Planning & Zoning Commission,* supra.

The trial court made no finding as to whether a copy of the proposed zone change map was filed with the city clerk prior to the public hearing. "Ordinarily it is not the function of . . . the Appellate Court to make factual findings, but rather to decide whether the decision of the trial court was clearly erroneous in light of the evidence and pleadings in the whole record." *State* v. *Reagan,* 209 Conn. 1, 8, 546 A.2d 839 (1988). There are times, however, when the undisputed facts or uncontroverted evidence and testimony in the record make a factual conclusion inevitable so that a remand to the trial court for a determination would be unnecessary. See *State* v. *Copeland,* 205 Conn. 201, 208–209 n.3, 530 A.2d 603 (1987). This is just such a case.

A thorough review of the briefs of the parties, the record below, and the transcript of the testimony before the trial court makes it clear either that the map referred to in the published notice of the public hearing was never filed in the office of the city clerk or that, if it was in fact filed, it was filed on May 30, 1990, some seven days after the public hearing commenced. There was no evidence, either direct or circumstantial, that the map was filed "at least ten days before such hearing." General Statutes § 8-3 (a).

We conclude that the failure to file such map properly in this case resulted in a failure to give the public adequate notice of what was proposed by this application for a change of zone and deprived the commission of subject matter jurisdiction. The zone change granted to Ficca was, therefore, invalid. *Scovil* v. *Planning & Zoning Commission,* supra; *Bombero* v. *Planning & Zoning Commission,* supra.

While we do not agree with the trial court's analysis, we do agree with its ultimate conclusion that the commission lacked subject matter jurisdiction to act on the zone change application. Therefore, the trial court's decision is correct, but not for the reason stated. This court is not required to reverse a ruling of the trial court that reached a correct result, albeit for a wrong reason. *New London* v. *Zoning Board of Appeals,* 29 Conn. App. 402, 409, 615 A.2d 1054 (1992).[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Because we affirm the judgment of the trial court on the basis of the plaintiffs' first alternative ground in support of the judgment, we do not need to reach the other grounds urged in support of the judgment. We note, however, that the plaintiffs' claim that the commission was without jurisdiction to act on the zone change application because it failed to notify the neighboring municipality of New Hartford properly, is without merit. *Lauer* v. *Zoning Commission,* 220 Conn. 455, 459–65, 600 A.2d 310 (1991).