[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The named plaintiffs, Pamela and David Szen, appeal the decision of the defendant, Brookfield Zoning Board of Appeals ("Board"), granting a variance to The Village Store to extend its hours to 11 p.m. The other plaintiffs in the case are Rosemary Erb-Fawcett, Susan and S. Ashley Seward, and Diane and Kenneth Arifian. The additional defendants are Todd Johnson and Christopher Sorenson ("defendants"). The Board acted pursuant to General Statutes, Sec.8-6, and section 242-309(B)(3) of the Code of the Town of Brookfield. The plaintiffs appeal pursuant to General Statutes, Sec. 8-8.
The decision of the Board granting the variance was published in the News-Times on September 13, 1993. (Return of Record ("ROR"), Item M.) On September 28, 1993, the plaintiffs served process on Helen Taylor, Secretary of the Board; Robert Sorisio, Chairman of the Board; Ruth Burr, Brookfield Town Clerk; and Todd Johnson and Christopher Sorenson, co-owners of The Village Store. The plaintiffs filed their appeal on October 5, 1993. The Board filed its answer on December 28, 1993, and the return of record on December 29, 1993. The defendants filed their answer on February 4, 1994. Also on February 4, 1994, the plaintiffs filed their brief. On March 4, 1994, the Board filed its brief, and, on March 21, 1994, the defendants filed their brief.
On May 26, 1993, a letter was sent from Diane Kerwin, the Brookfield Zoning Enforcement Officer, to the defendant Johnson, advising him that it had been reported that The Village Store had been operating past 8 p.m., and that the store would need a variance in order to stay open past that time. (ROR, Item A.) This letter was followed by a cease and desist order issued July 27, 1993. (ROR, Item B.) The defendants, Johnson and Sorenson, thereupon filed an application for a variance on August 11, 1993. (ROR, Item CT Page 9346 C.) A notice of a public hearing, scheduled for September 7, 1993, on the application for a variance, and an appeal of the cease and desist order, was published on August 24, 1993 and September 2, 1993. (ROR, Items D, E.) At the hearing, the defendants questioned the validity of the cease and desist order since the store had never kept consistent hours in the past. (ROR, Item G, p. 5.) The Board stated that the zoning enforcement officer had based the cease and desist order on the owners' admission of an 8 p.m. closing, and complaints of others who stated that the store closed at 8 p.m. (ROR, Item G, p. 7.) The chairman stated that he and the secretary searched the town records and questioned former zoning board chairmen but could find no indication that The Village Store had a documented closing time. (ROR, Item G, p. 8.) Johnson stated that when he owned and operated the store himself; he opened at 6 a.m. and closed at 8 p.m. because he was unable to stay open later without assistance. (ROR, Item G, pp. 6-7.) The Board and the owners of The Village Store then discussed the validity of the cease and desist order based on historic closing times. (ROR, Item G, pp. 8-14.) The chairman also stated that the hearing was partly an appeal of the cease and desist order and partly a hearing on a variance application. (ROR, Item G, p. 14.) A discussion then ensued as to what time The Village Store would like to close, as the granting of the variance would preclude operation beyond that time. (ROR, Item G, pp. 16-17, 23-29.) The chairman then allowed Johnson and Sorenson to change the requested time on their variance application from 10 p.m. to 11 p.m. (ROR, Item G, pp. 28-29.) The Board then allowed people to speak in favor of the variance and several residents of the town availed themselves of the opportunity. (ROR, Item G, pp. 34-37.) There was one letter opposed to the application from David and Pamela Szen which was read at the hearing by the Board chairman. (ROR, Item G, pp. 37-42.) The owners of The Village Store then submitted a petition of 950 names in favor of approving the variance. (ROR, Item G, p. 43.) The Board determined that the appeal of the cease and desist order was negated by the variance request, and the variance request was granted. (ROR, Item G, pp. 47-61.) The Board reasoned that "this is a pre-existing non-conforming use with no documented established operating hours, and the present use and hours are not an increase in the previous use or hours of operation." (ROR, Item N.) This appeal followed.
In order to take advantage of a statutory right to appeal from a decision of a local zoning board, there must be strict compliance with the statutory provisions that create the right. Simko v. Zoning Board ofAppeals, 206 Conn. 374, 377, 538 A.2d 202 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id.
General Statutes, Sec. 8-8(b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court. . . ." CT Page 9347 "Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction over an administrative appeal." New England Rehabilitation Hospital of Hartford,Inc. v. CHHC, 226 Conn. 105, 120, 627 A.2d 1257 (1993). The burden of demonstrating aggrievement rests with the plaintiff. Id. On May 23, 1994, this court found that the Szens only are aggrieved. Accordingly, all references to the "plaintiffs" in the remainder of this memorandum refer only to the Szens.
General Statutes, Sec. 8-8(b) requires that the "appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required by the general statutes." (ROR, Items L, M.) As stated above, notice of the Board's decision was published on September 13, 1993, and process was served on all defendants on September 28, 1993. Therefore, the plaintiffs' appeal is timely.
The requirement of exhaustion of administrative remedies is "`grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions.'" Francini v. Zoning Board of Appeals,228 Conn. 785, 794, ___ A.2d ___ (1994).
The plaintiffs argue that Johnson and Sorenson failed to appeal the cease and desist order before seeking a variance, and thus failed to exhaust their administrative remedies. In support of their argument, the plaintiffs cite Castellon v. Board of Zoning Appeals, 221 Conn. 374,603 A.2d 1168 (1992) which states "that neither General Statutes, Sec.8-9 nor General Statutes, Sec. 8-10, nor the two sections taken together, permit an aggrieved party direct access to the court when the local regulations provide for an intermediate appellate step between the commission and the court." Id., 380. The exhaustion of administrative remedies is a requirement of the aggrieved party, who as discussed above are the plaintiffs. Furthermore, the local regulations of the Town of Brookfield do not require that an appeal of a cease and desist order be taken before requesting a variance. Therefore, the administrative remedies have been exhausted.
"`In reviewing the actions of a zoning board of appeals we note that such a board is endowed with a liberal discretion, and its [actions are] subject to review by the courts only to determine whether [they were] unreasonable, arbitrary or illegal. . . . The burden of proof to demonstrate that a board acted improperly is upon the party seeking to overturn the board's decision. . . . In an appeal from the decision of a zoning board, we therefore review the record to determine whether there is CT Page 9348 a factual support for the board's decision, not for the contentions of the applicant.'" Francini v. Zoning Board of Appeals, supra, 791. "`The trial court may not retry the case or substitute its judgment for that of the agency. . . .'" Smith v. Zoning Board of Appeals, 227 Conn. 71, 80,629 A.2d 1089 (1993). "`Where a zoning agency has stated its reasons for its actions, the court should determine only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations.' . . . . Under this traditional and long-standing scope of review, the proper focus of a reviewing court is on the decision of the zoning agency and, with regard to its factual determinations, on the evidence before it that supports, rather than contradicts, its decision."Caserta v. Zoning Board of Appeals, 226 Conn. 80, 86-87, 626 A.2d 744
(1993).
The plaintiffs contend that the Board had no legal basis upon which to grant the variance, that the publication of notice of the hearing was defective, that the Board impermissibly allowed an expansion and change in the character of the use, and that the Board conducted the proceedings improperly. The defendants maintain that the variance was properly granted, the publication was not defective, the Board's decision was unrelated to change in character or an expansion of use, and that the proceedings were conducted properly.
"The authority of a zoning board of appeals to grant a variance under General Statutes, Sec. 8-6(3) `requires the fulfillment of two conditions: `(1) the variance must be shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.' [Citation omitted.]'" Francini v. Zoning Board of Appeals, supra, 790. "`It is well settled that the hardship must be different in kind from that generally affecting properties in the same zoning district . . . .'" Id.
"A variance `authorizes the landowner to use his property in a mannerprohibited by the regulations.'" (Emphasis in original.) Wnuk v. ZoningBoard of Appeals, 225 Conn. 691, 697, 626 A.2d 698 (1993). "A local zoning board can only grant a variance if `adherence to the strict letter of thezoning ordinance [is] shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan.'" Id. "`Where the hardship involved `arises as the result of a voluntary act by one other than the one whom the variance will benefit, the board may, in the sound exercise of its liberal discretion, grant the variance.' [Citation omitted.] Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance. . . . The hardship CT Page 9349 which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved . . . .'" Lawrence Memorial Hospital, Inc.v. Zoning Board of Appeals, 22 Conn. App. 291, 298-99, 577 A.2d 740 (1990).
The Village Store was granted a variance under section 242-309(B)(3) of the Code of the Town of Brookfield which states that "[n]o nonconforming use shall be extended or expanded, including hours of operation, without the approval of the Board of Appeals." In granting the variance, the chairman of the Board stated that the hardship endured by The Village Store is that "[t]he law is not clear. And when the law is not clear, the law is a hardship as it's presented . . . ." (ROR, Item G, p. 56.) The Connecticut Supreme Court has found that uncertainty in zoning regulations can create a hardship. Shell Oil Co. v. Zoning Board of Appeals, 156 Conn. 66,238 A.2d 426 (1968); Leveille v. Zoning Board of Appeals,145 Conn. 468, 144 A.2d 45 (1958). Recently, however, the Supreme Court has stated that "[t]he arbitrariness of a zoning enforcement officer's decision is an inappropriate basis for a finding of undue hardship."Wnuk v. Zoning Board of Appeals, supra, 696-97. "A request for a variance . . . asserts that the ordinance in question prohibits the proposed use and seeks relief from the requirements of the ordinance. In contrast, a challenge to a zoning officer's application of an ordinance asserts instead that the ordinance does not prohibit the proposed use. If the ordinance does not prohibit the use, then there can be no undue hardship and a variance is inappropriate." (Emphasis in original.) Id., 697.
During the hearing, the Board determined that there was no information documenting any pre-existing closing time for The Village Store. (ROR, Item G, p. 8.) It was also established that the zoning enforcement officer's cease and desist order was based on the owner's representation that he ordinarily closed at 8 p.m., as well as complaints from others. (ROR, Item G, p. 7.) The defendant Johnson testified to the fact that he opened at 6 a.m. and closed at 8 p.m. because he was unable to keep later hours working alone but, in the past, the store had always kept varied hours. (ROR, Item G, pp. 5-6.) The Board chairman also stated that the zoning enforcement officer could not prove a violation of the regulation which was the basis of the cease and desist order. (ROR, Item G, p. 10.)
During the deliberations, the Board was unable to find any basis for the zoning enforcement officer's issuance of the cease and desist order. (ROR, Item G, pp. 47-51.) The Board agreed that the granting of a variance was to give clarity to a pre-existing nonconforming use and, that as such, the later hours would not be an expansion. (ROR, Item G, pp. 56-57.) Since the Board found that the later hours of The Village Store are permitted as a CT Page 9350 pre-existing nonconforming use, then the later hours are not prohibited by the zoning regulations. Therefore, the granting of a variance was inappropriate.
There is some question as to whether the hearing was an appeal of the cease and desist order or to consider a variance request, or whether it was both.[1] The published notice stated that both the appeal and the variance were to be considered (ROR, Item D), as did the notice sent to the defendants (ROR, Item F). The letter to the abutting landowners, however, stated that a hearing for a variance was to occur. (ROR, Item E.) At the hearing, the chairman stated that the purpose of the hearing was partly an appeal and partly a variance request. (ROR, Item G, p. 2.) There was also some debate during the hearing as to whether the Board was considering an appeal or a variance. (ROR, Item G, pp. 14-16, 19-22, 26, 52-54.) The defendant, Todd Johnson, stated "[w]e're really not admitting any wrong doing here, but we are here to file for this variance to keep the store open until 10 p.m. Really it was brought to our attention because of the Cease and Desist Order that was issued. And we really didn't believe that there was any foundation for the issuance of the Cease and Desist Oder [Order]." (ROR, Item G, p. 4.) The application filed was entitled "Application for Variance." (ROR, Item C.) General Statutes, Sec. 8-6a requires that when an appeal and a variance are joined in the same action, the board must decide on the appeal first. Miniter v. Zoning Board of Appeals, 20 Conn. App. 302,566 A.2d 997 (1989). In the letter of notification of the Board's decision sent to the defendants, the Board stated that "[i]n the Board's opinion, this is a pre-existing non-conforming use with no documented established operating hours, and the present use and hours are not an increase in the previous use or hours of operation." (ROR, Item N.) As discussed above, "[a] variance `authorizes a landowner to use his property in a manner prohibited by the regulations.'" (Emphasis in original.)Wnuk v. Zoning Board of Appeals, supra, 697. Since the Board has found that later hours for The Village Store are permitted as a pre-existing nonconforming use, these later hours are not prohibited by the zoning regulations. Therefore, the Board's granting of the variance was inappropriate. The proper procedure of the Board should have been to decide the appeal of the cease and desist order in accordance with its finding that the later hours are protected as a pre-existing nonconforming use. Therefore, the court finds that this appeal should be remanded to the Board for reversal of the cease and desist order in accordance with its findings of fact, pursuant to General CT Page 9351 Statutes, Sec. 8-8(l).
The plaintiffs contend that the notice of public hearing was defective in that it stated that the subject matter of the hearing was to appeal the cease and desist order. The defendants respond that notice of the subject matter of the hearing was adequately given.
"The purpose of publishing notice to the general public . . . is to notify by means of legal advertisements, as much of the population as possible of contemplated zoning actions. . . . In the absence of newspaper publication, unknown individuals with an interest in zoning matters would have no way of learning what zoning decisions were being contemplated." Delfino v. Planning Zoning Commission,30 Conn. App. 454, 459, 620 A.2d 836 (1993). "`The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought.'" Koepke v. Zoning Board of Appeals, 223 Conn. 171,175, 610 A.2d 1301 (1992).
The notice published in the News-Times stated that a public hearing would be held regarding "[a]ppeal 93-15 of Todd Johnson and Chris Sorenson for variance from Section 242-309(B)(3) to allow an expansion of the hours of operation, . . . [and to appeal] the Cease and Desist Order of the Zoning Enforcement Officer citing the violation of Section 242-309(B)(3) for property (The Village Store) . . . ." The court finds that this notice adequately stated the subject matter of the proceedings. While the Board ultimately did not decide on the basis of an appeal of the cease and desist order, but rather on the basis of a variance request, the subject matter in question was the same — the extended hours of The Village Store.
The plaintiffs also argue that the Board impermissibly allowed a change in character of the store operation and an expansion of its use by allowing a delivery service. The Board maintains that it made no such decision in regard to the application. The defendants respond that the statement in their application in regard to their delivery service was to assert the services provided by their store and not a request for an expansion of use.
The record does not reflect any decision by the Board granting the defendants the right to operate a delivery service. The defendants' variance application mentions that closing at 8 p.m. is a hardship in serving those who require the delivery of CT Page 9352 their products. This was not a request for an expansion of use, but a hardship upon which the defendants based their variance request. The sole action of the Board in regard to this was noting that the delivery of goods is a "normal service arm of a food establishment" and that it was not an expansion of use. (ROR, Item G, p. 58.) These comments were made during the discussion of the Board and were not related to the decision ultimately rendered.
The plaintiffs also contend that the Board improperly conducted the proceedings by advocating that the defendants amend their application. The Board and the defendants respond that the application was amended at the applicants' request.
The record reflects that during the proceedings the owners of The Village Store asked to revise their application to request a closing time of 11 p.m. rather than 10 p.m., which the Board agreed to, and the owners initialed the application. (ROR, Item G, pp. 23-30.) The plaintiff claims that the Board advocated this change, yet it was the owner of the store who first stated that he would like to stay open until 11 p.m. (ROR, Item G, p. 16.) While the plaintiffs state that the change was prejudicial, the plaintiffs have given no reason why an hour increase is different than the expansion of hours already at issue, nor have the plaintiffs presented any law to support their position. The court finds that the Board's actions in allowing the defendants to amend their application were not improper.
General Statutes, Sec. 8-8(l) provides that "[i]f a particular board action is required by law, the court, on sustaining the appeal, may render a judgment that modifies the board decision or orders the particular board action." The Board found, at the public hearing of September 7, 1993, that the extended hours of The Village Store are permitted as a pre-existing nonconforming use. General Statutes, Sec. 8-2 requires that municipal regulations "shall not prohibit the continuance of any nonconforming use." Furthermore, the record reflects that the Board failed to consider the appeal of the cease and desist order before it considered the variance request as required by General Statutes, Sec. 8-6a. Therefore, the court remands this appeal back to the Board for reversal of the cease and desist order in accordance with its finding that the increased hours are a pre-existing nonconforming use.
Stodolink, J. CT Page 9353