[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding is an administrative appeal from the decision of the respondent, Danbury Zoning Commission (hereafter "DZC"), which approved the application of Dennis Elpern, Planning Director for the City of Danbury, to amend the zoning regulations of the city.
On February 8, 1995, the planning director submitted a petition for a zoning change for thirteen properties located on Miry Brook Road in Danbury, Connecticut. The thirteen affected parcels are located on the opposite side of Miry Brook Road from the Danbury Municipal Airport. Under the proposal, the affected parcels were to be re-classified as "R-O" (Residence-Office) from their previous designation as "RA-40/IL-40" (Industrial). The stated purpose of the proposed zoning change was to "provide a transition between single family neighborhoods and the airport and commercial/industrial development." The appellants each own parcels affected by the zoning change. CT Page 4186-OO
On February 17, 1995, the DZC referred Elpern's application to the Danbury Planning Commission for a report and recommendation pursuant to Sec. 8-3a of the General Statutes. A public hearing was scheduled for March 14, 1995, and notice of the public hearing was published in the Danbury News-Times on March 3, 1995 and March 10, 1995.[1]
At the March 14, 1995 public hearing, the DZC heard testimony by several members of the community who expressed their views of the proposed zoning change. In addition, four documents were accepted into the record as evidence. The first was a letter from the appellant Pompea setting forth his arguments in opposition to the proposed zoning change. The second was a document entitled "Protest," signed by the three plaintiffs herein, stating, in full: "The undersigned owners of over thirty percent (30%) of the property located within the proposed zone change hereby protest against the proposed zone change from IL-40 to R-O."
The third document accepted by the DZC at its public hearing was a letter from the appellant Hamilton setting forth his opposition to the proposed zoning change. The last document was a letter from Suzanne Sayers, another property owner whose land was affected by the zoning change, giving her authorization for her husband, Carl Sayers, to represent her interests concerning the zoning proposal.
At the March 14, 1995 public hearing, the DZC voted seven to two to approve the zoning changes. On March 16, 1995, TWO DAYSAFTER THE APPROVAL BY THE DZC, the Planning Commission submitted its report approving the zoning change, although the vote had apparently occurred on March 1, 1995. On March 27, 1995, the decision of the DZC amending the zoning regulations was published in the Danbury News-Times.[2] The appellants, as aforesaid, commenced this appeal and did so in a timely fashion.
In the first count of their complaint, the appellants allege that in approving the zoning change of certain property from Industrial IL-40 to R-O (Residential-Office), the DZC acted in an "unlawful, illegal, arbitrary and capricious" manner and abused its discretion because, among other things: (1) the zoning change was not in accordance with the City's comprehensive plan; (2) it was not reasonably related to the "normal police power purposes" enumerated in Sec. 8-2 of the General Statutes; (3) the DZC did not have substantial evidence before it in approving the zoning change; (4) the zoning change constitutes a Fifth Amendment CT Page 4186-PP "taking" of the plaintiffs' land in violation of their due process rights; (5) the zoning change is "specifically directed solely at the plaintiffs"; (6) the zoning change "constitutes illegal spot zoning"; and (7) the hours of operation requirements contained in the newly created R-O zone have no basis in Sec. 8-2. They also allege that the vote approving the zoning change was illegal because it was not taken in accordance with Sec. 8-3a.
In the second count of their complaint, the appellants assert that "certain residential use property owners received individual notice" of the meetings of the DZC and were given an opportunity to be heard on the proposed zoning change, while they received no such notice. Moreover, they allege that "[t]he outcome of the vote concerning the subject change of zone was predetermined prior to the March 14, 1995 public hearing, and the votes of certain zoning commissioners were predetermined."
At the outset, it should be noted that the appellants are aggrieved as a matter of law because they own land which is the subject of the zoning changes approved by the DZC. WinchesterWoods Associates v. Planning Zoning Commission, 219 Conn. 303,308; Bossert Corp. v. Norwalk, 157 Conn. 279, 285. Additionally, as noted above, this appeal was timely commenced since they filed within fifteen days of the notice of decision of the DZC's approval of the zoning change.
The standard of review of a decision of an administrative body is well-settled. "In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Internal quotation marks omitted.) Smith v.Zoning Board of Appeals, 227 Conn. 71, 80, cert. denied,___ U.S. ___, 114 S.Ct. 1190, 127 L.Ed.2d 540 (1994). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." (Internal quotation marks omitted.) DeBeradinis v.Zoning Commission, 228 Conn. 187, 198.
"`The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers.'" Frito-Lay,Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73, quoting Farrington v. Zoning Board of Appeals, 177 Conn. 186, CT Page 4186-QQ 190. Further, "[t]he burden of proof is on the plaintiff to demonstrate that the [commission] . . . acted improperly." Sperov. Zoning Board of Appeals, 217 Conn. 435, 440.
Despite the numerous specific complaints outlined in their complaint, the appellants' brief addresses only five issues: failure to comply with Sec. 8-3a of the General Statutes, spot zoning, a takings violation, predetermination and hours requirements of the new zoning change. Therefore, the issues not briefed are deemed waived. Esaw v. Friedman, 217 Conn. 553, 554
n. 1; Cohen v. Security Title Guaranty Co., 212 Conn. 436, 437
n. 1.
A. Failure to comply with General Statutes Sec. 8-3a.
The appellants' first argument is that the DZC's approval of the zoning change violated Sec. 8-3a(b) because Elpern's application was not submitted to the Planning Commission at least thirty-five days prior to the public hearing. They argue that since the DZC referred the proposal to the Planning Commission on February 17, 1995 — twenty-five days prior to the March 14, 1995 public hearing — it is in violation of Sec. 8-3a(b). Continuing, they argue, that since the Planning Commission's report to the DZC is dated March 16, 1995, the DZC could not possibly have considered the Planning Commission's recommendation at its March 14, 1995 public hearing.
In response, the DZC argues that the thirty-five day requirement of Sec. 8-3a is merely directory, not mandatory and, in any event, the Planning Commission voted to approve the zoning change prior to the public hearing, notwithstanding the fact that its report is dated two days after the public hearing. The DZC also argues that the transcript of the public hearing shows that the Planning Commission's vote was "read into the . . . record" at the beginning of the public hearing.[3] The DZC argues that all Sec. 8-3a requires is that a "statement of the vote of the planning commission approving, disapproving or proposing a modification of such proposals shall be publicly read at any public hearing held thereon" by a zoning commission. (Defendant's Brief, p. 7, citing General Statutes Sec. 8-3a(b).) This requirement, the DZC argues, was satisfied.
1. Non-compliance with the 35-day requirement.
The first issue on which the court will speak is whether the CT Page 4186-RR thirty-five day requirement of Sec. 8-3a(b) is mandatory or directory. That section provides, in full, that: "In any municipality which has a separate zoning commission operating under the provisions of this chapter or any special act and which also has a planning commission operating under the general statutes or any special act, proposed zoning regulations or boundaries or changes thereof shall be referred to such planning commission for a report at least thirty-five days prior to the date assigned for a public hearing to be held thereon. The report shall contain the findings of the planning commission on consistency of a proposed regulation or boundaries or changes thereof with the plan of development of the municipality and any other recommendations the planning commission deems relevant. The failure of the planning commission to report prior to or at the hearing shall be taken as approval of such proposals. The report concerning consistency with the plan of development and a statement of the vote of the planning commission approving, disapproving or proposing a modification of such proposal shall be publicly read at any public hearing held thereon. The full report of the planning commission regarding such proposal shall include the reasons for the commission's vote thereon and shall be incorporated into the records of any public hearing held thereon by the zoning commission. A proposal disapproved by the planning commission may be adopted by the zoning commission by a vote of not less than two-thirds of all the members of the zoning commission."
The appellants rely on Simmons v. Zoning Commission,35 Conn. Sup. 246 (Super.Ct. 1979), in support of their argument that the thirty-five day requirement is mandatory. In Simmons, the court found that the requirement of Sec. 8-3b (which is substantially similar to Sec. 8-3a(b)) that proposed zoning changes be referred to the planning commission at least thirty-five days prior to the public hearing was mandatory, not directory.[4] The court reached its conclusion by examining the legislative history of Sec. 8-3b, as well as utilizing a statutory construction analysis of the words of the statute. It concluded that the obvious purpose of Sec. 8-3b is to give notice to the appropriate regional planning agency, and to allow it the opportunity of advising the commission of its attitudes and the probable effect on the neighboring town, as well as on the regional plan of development. It emphasizes a legislative determination that cooperation between the regional agency and the local commission will be of benefit to both. The DZC argues that Simmons is inapplicable because in this case the zoning proposal was
CT Page 4186-SS referred to the planning commission, albeit less than thirty-five days prior to the public hearing, whereas in Simmons, no referral was made at all.
The failure of the DZC to refer the zoning proposal to the Planning Commission more than thirty-five days prior to the public hearing did not and does not affect the subject matter jurisdiction of the DZC. Notwithstanding the Simmons decision, the Appellate Court held, in 1993, that notification of a planning agency twenty days prior to a public hearing rather than thirty-five days, in violation of Sec. 8-3b, was not a defect which affected the zoning commission's subject matter jurisdiction.[5] See Delfino v. Planning Zoning Commission,30 Conn. App. 454, 460, 620 A.2d 836 (1993). Analogizing this, holding to the instant proceeding, this court finds that the DZC's failure to comply with the thirty-five day requirement of Sec. 8-3a did not affect its subject matter jurisdiction.
2. DZC's failure to have the Planning Commission's report at thepublic hearing.
However, DZC failed to comply with Sec. 8-3a in that it voted to approve the zoning changes without having the Planning Commission's report before it. The language of Sec. 8-3a(b) is clear: "The report concerning consistency with the plan of development and a statement of the vote of the planning commission approving, disapproving or proposing a modification of such proposal shall be publicly read at any public hearing heldthereon." (Emphasis added.) Section 8-3a(b) of the General Statutes.
The DZC argues that because it read into the record of the public hearing a portion of the minutes of the Planning Commission's March 1, 1995 meeting approving the proposed zoning changes, it has complied with Sec. 8-3a. Simply reading into the record the vote of the Planning Commission, however, does not comport with the requirement of Sec. 8-3a(b) that "[t]he fullreport of the planning commission regarding such proposal shall include the reasons for the commission's vote thereon and shallbe incorporated into the records of any public hearing heldthereon by the zoning commission." (Emphasis added.) General Statutes Sec. 8-3a(b). What the DZC has not addressed is the fact that the full report of the Planning Commission was not and could not be incorporated into the records of the public hearing because the report did not exist at the time of the publicCT Page 4186-TThearing.[6]
While the DZC may have had some type of informal notice of the Planning Commission's decision prior to the public hearing, this subverts the purpose of Sec. 8-3a(b)'s requirement that the zoning commission have before it the recommendation of the planning commission. Arguably, a zoning commission is required to have the planning commission's report before it in order to have the opportunity for meaningful discussion of the planning commission's recommendations. This objective cannot be accomplished if the zoning commission is merely aware of an affirmative vote, and then only by some informal means. Although it is recognized that the planning commission's recommendation is not binding on the zoning commission, the statute seems to at least require some minimal level of consideration of the report and recommendation of the planning commission. The court finds that the failure of the DZC to comply with the requirements of Sec. 8-3a(b) was error and the appeal is sustained. It need not address the appellants' remaining issues on this appeal.
However, this court would be remiss if it did not comment upon the general procedural deficiencies resting within this file. It should be noted that a full review of the record on this appeal suggests that the DZC was less than meticulous about its approval of the zoning changes herein. First, although the court has already concluded that the DZC's failure to submit the application to the Planning Commission at least thirty-five days prior to the public hearing was not a jurisdictional error, it is uncontested that the DZC did not, in fact, comply with that statutory requirement. The DZC did not state on the record its reasons for approval of the zoning change as required by Sec. 8-2. It did not make clear on the record its consideration of the proposed zoning changes in relation to the City's comprehensive plan.
Additionally, as noted above (footnote 7), the Planning Commission did not in its "full" report make findings concerning consistency of the proposed zoning change with the municipal plan of development, nor its reasons for approving the proposed changes, all as required by Sec. 8-3a(b) of the General Statutes. The various procedural deficiencies by the DZC when approving this zoning change must be recognized and not repeated. Although the court is required to afford significant deference to municipal zoning commissions on an administrative appeal, the municipal zoning commissions in turn are required to make some CT Page 4186-UU effort to comply with the requirements of the General Statutes. The appeal, once again, is, accordingly, sustained.
Moraghan, J.