[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 19, 1996 CT Page 4899
The plaintiffs, Matthew M. Gourlay and Michael Grunberg, filed an application for a temporary injunction against the defendants, Georgetown Trust, Jordan Saper, trustee of the Georgetown Trust, and the Environmental Protection Board which was heard on March 4, 1996. The plaintiffs are owners of real estate adjoining property owned by the Georgetown Trust. The defendants filed an application with the Stamford Environmental Protection Board (E.P.B.) for a permit to pipe a running stream, construct a septic system, and cut trees and clear land within a regulated wetlands area. The application, dated August 14, 1995, was granted by the E.P.B. on November 16, 1995, and the defendants began clearing the lot in December 1995.
The plaintiffs argue that they did not receive written or actual notice of the defendants' application to the E.P.B. as required by the Inland Wetlands and Watercourses Regulations of the City of Stamford (Regulations) § 5.3. Therefore the plaintiffs argue the defendants violated state environmental regulations and an injunction should issue prohibiting them from further disturbing the wetlands and regulated areas.
"The issuance of an injunction is the exercise of an extraordinary power which rests within the sound discretion of the court." Karls v. Alexandra Realty Corporation, 179 Conn. 390,401, 426 A.2d 784 (1980). Ordinarily, in granting a temporary injunction, the trial court is required to determine that irreparable harm will occur and there is no adequate remedy at law, Walton v. New Hartford, 223 Conn. 155, 165, 612 A.2d 1153
(1992), and that there is a likelihood the moving party will ultimately prevail on the merits. Jefferson Hospital v.Commission of Hospitals Health Care, 196 Conn. 451. 457, 413 A.2d 229 (1985). However, "where a statute expressly provides for equitable remedies in addition to the ordinary legal ones, it may be presumed that there is no adequate legal remedy, because the legislature would not have provided the additional remedies if they were not needed." Burns v. Barrett, 212 Conn. 176, 193,561 A.2d 1378 (1992). Furthermore, "the complainant is relieved of his burden of proving irreparable harm." Conservation Commissionv. Price, 193 Conn. 414, 428, 479 A.2d 187 (1984). "All that must be shown is a violation of the ordinance." Farmington v. ViacomBroadcasting, Inc., 10 Conn. App. 190, 197, 522 A.2d 318 (1987). "This does not mean that a court is mechanically obligated to grant an injunction for every violation of law . . . A judge CT Page 4900 retains a reasonable discretion to decide whether injunctive relief is appropriate even though it is authorized by statute." (Internal citations omitted.) Burns v. Barrett, supra, 212 Conn. 194. The Regulations provide, "[t]he superior court, in an action brought by the Commissioner, municipality, district or any person, shall have jurisdiction to restrain a continuing violation of this act and to issue orders directing that the violation be corrected or removed." Inland Wetlands and Watercourse Regulations of the City of Stamford, § 10.1. Accordingly, the court need only determine whether a violation occurred.
The defendants contend that the plaintiffs violated the following provision: "Any person submitting an application to the Board shall give written notification to abutting property owners of the nature of the application at least 3 days prior to the regularly scheduled meeting. A Certificate of Mailing and a copy of the letter must be submitted with the application in order for the application to be deemed complete for Acceptance." Regulations, § 5.3. The regulations require notice to property owners within 250 feet of the applicant's property boundaries for inland wetlands, and in the case of watercourses, owners within 500 feet of the watercourse. The regulations further provide, "[e]vidence of mailing such notice shall be in the form of United States Postal Certificates of Mailing." Regulations, § 5.3(c).
The plaintiffs argue that they followed instructions issued by the Environmental Protection Board. They compiled the list of neighbors from the Stamford tax assessor's office. At the hearing on March 4, 1996, the plaintiffs produced a witness from Redniss Mead, the engineering firm that prepared the application. The witness testified that she compiled the list of neighbors, prepared the letters and envelopes giving notice to the neighbors, took them to the post office and mailed them. She produced two unopened letters that had been returned to the firm, which were opened in court and contained the letters. One of the letters was addressed to David Lucas, 1 Juniper Hill Road. Mr. Grunberg is the current owner of the property at 1 Juniper Hill Road. The witness testified that the firm did not attempt to contact the current owner of the property.
The defendants produced two witnesses, Mrs. Matthew Gourlay and the plaintiff, Mr. Michael Grunberg, who testified that they are adjacent property owners entitled to notice, they did not CT Page 4901 receive notice of the application, and they would have challenged the application if they had received notice.
The returned envelope establishes that Mr. Grunberg did not receive notice. The issue, then, becomes whether actual notice is required, or whether compliance with the regulations is sufficient.
The defendants argue that they must receive actual notice. "The purpose of a personal notice statute is to give actual notice." Delfino v. Planning Zoning Commission, 30 Conn. App. 454,620 A.2d 836 (1993). The reason for the statute is to advise all affected parties of the opportunity to be heard and be apprised of the relief sought. Slagle v. ZBA, 144 Conn. 690, 693,137 A.2d 542 (1957). "Failure to give personal notice to a specific individual is not a jurisdictional defect . . . and . . . lack of personal notice may be waived by the party entitled to it." Lauer v. Zoning Commission, 220 Conn. 455, 462,600 A.2d 310 (1992).[1] "Personal notice provisions can only be raised by persons entitled to receive notice, and if notice is not given the action taken is voidable and does not affect subject matter jurisdiction." R. Fuller, 9 Connecticut Practice, Land Use Law and Practice, § 46.1, p. 744 (1993). While "[t]he applicant need not prove receipt of notice by each addressee," Schultz v. Farmington Town PZC, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 521404 (February 10, 1994) (Barry J.); Baumert v. City ofHartford Zon. Bd., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 368906, 6 CONN. L. RPTR. 630 (February 27, 1992) (Schimelman, J.); and proof of mailing of a letter to a person at the correct address with correct postage creates a presumption that such letter or other item was received by the addressee,[2] such a presumption is rebuttable. Davies v. Greenwich Plan. Zon. Comm., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138335 (May 23, 1995) (D'Andrea, J.). In Davies the defendants filed an affidavit stating that they sent notice, but three of nine neighbors filed affidavits stating that they did not receive notice. The court found that the plaintiffs' evidence was sufficient to overcome the presumption of receipt created by the defendants' affidavit. "It cannot be disputed that the avowed purpose of the notice procedure is that neighbors be made aware of the pendency of the subject application. Mailing the notices to neighbors is a process designed to have the neighbors receive
the notices." Id. Where there is proof that a neighbor was not CT Page 4902 even mailed written notice, the regulation is not satisfied.
The plaintiffs then argue that they followed the instructions provided by the Environmental Protection Board in using the tax assessor's records. The E.P.B. instructions are not statutes or regulations. Furthermore, the defendants followed the instructions as far as they went, but the return of an envelope was beyond the scope of the instructions and should have signalled to the defendants that two of the property owners did not receive notice.
Accordingly, the plaintiffs did not provide the proper notice in accordance with Regulations § 5.3. Whether the board's decision is rendered void is not before the court at this time.
Accordingly, the temporary injunction is granted.
DEAN, J.