[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs The Eighth Utilities District and Hayes Family Limited Partnership appeal the decision of the defendant planning and zoning CT Page 4677 commission of the town of Manchester changing the zone classification of the district in which their properties are located. The commission acted pursuant to General Statutes § 8-3. The plaintiffs appeal pursuant to § 8-8. The court finds in favor of the plaintiffs.
The plaintiffs are the owners of the properties which are the subject of the appeal. They are, therefore, aggrieved by the decision of the commission and have standing to appeal.
The facts essential to the court's decision are not in dispute and are fully reflected in the record and in the written stipulation of the parties which they filed in the court at the time of oral argument on the appeal. That stipulation is made a part of the record in this appeal.
As set forth in the stipulation, the defendant commission created a new zone classification known as the Special Design Commercial Zone by adopting appropriate new regulations. The proceedings leading to the adoption of the new regulations commenced on April 15, 1999, when the commission filed its application, continued through a public hearing on May 17, 1999, and approval of the regulations on June 7, 1999. The commission filed the regulations with the town clerk on June 24, 1999, and fixed the effective date as June 25, 1999.
During the course of the proceedings to adopt regulations establishing the new Special Design Commercial Zone, the commission also commenced proceedings to change the zone in which the plaintiffs' properties were located from Business 1, Business 5, and Rural Residential Zones, to the proposed new zone. Thus, on May 6, 1999, and May 13, 1999, in accordance with General Statutes § 8-3
(a), the commission published notice of the public hearing on the application to change the zones of the plaintiffs' properties to the proposed Special Design Commercial Zone. On May 17, 1999, after closing the public hearing on the adoption of regulations to establish the new zone classification, the commission proceeded to conduct a hearing on the change of the zones of the plaintiffs' properties to that proposed new zone.
On June 21, 1999, after the commission had approved the regulations establishing the new Special Design Commercial Zone but before the effective date of those regulations (June 25), the commission voted to change the zones of the plaintiffs' properties to the new zone. Notice of that decision was published on June 24, 1999. It is that decision which is the subject of this appeal.
This appeal is directed only at the decision to rezone the CT Page 4678 plaintiffs' properties. The plaintiffs are not challenging in this appeal the adoption of the new regulations establishing the Special Design Commercial Zone classification. During oral argument to the court on this appeal, the plaintiffs withdrew their arguments concerning the participation of commission member Patricia Christiana in the. decision to rezone their properties. The sole basis of the plaintiffs' appeal, as presented to the court, is the fact that all of the actions of the committee to change the zones of the plaintiffs' properties to the new Special Design Commercial Zone were taken before the regulations establishing that new zone became effective. The plaintiffs contend that this sequence of events resulted in inadequate notice to them and consequent lack of subject matter jurisdiction in the commission to change their zones. The court agrees.
General Statutes § 8-3 (a) provides for public notice and hearing before a zoning commission may make any change in the zone of an individual's property. The notice provision further requires that "a copy of such proposed regulation or boundary shall be filed in the office of (the town clerk) . . . at least ten days before such hearing." Such notice and hearing are mandatory, and failure to provide adequate notice or a hearing deprives the commission of subject matter jurisdiction over the zone change. Delfino v. Planningand Zoning Commission, 30 Conn. App. 454, 463 (1993).
In the present case, as noted, the defendant commission published a notice of the May 17 hearing on the proposal to change the plaintiffs' zones and also filed copies of the proposed regulations — that is, the regulations that would establish the new zoning classification as well as the regulations that would rezone the plaintiffs' properties — with the town clerk sufficiently in advance of the hearing. The question here, however, is not the timing of the publication, but rather the adequacy of the notice and hearing.
General Statutes § 8-3 (d) provides that "Zoning regulations . . . become effective at such time as is fixed by the zoning commission, provided a copy of such regulation shall be filed in the office of the (town clerk)." In this case, there is no dispute that the regulations establishing the new zone classification did not become effective until June 25, 1999, the date fixed by the defendant commission. There is likewise no dispute that the text of those regulations, as finally adopted, was not on file in the office of the town clerk until June 24, 1999. Therefore, at the time the commission published notice of the proposed change in the plaintiffs' zones to the new Special Design Commercial Zone and held the required hearing, during May 1999, that new zone classification did not exist in the CT Page 4679 town's regulations.
In Delfino v. Planning Zoning Commission, supra, 30 Conn. App. 461, the Appellate Court held that the "underlying reason for the publication requirements of General Statutes § 8-3 (a) is to not permit changes, exceptions or relaxations in [zoning matters] except after such full notice as shall enable all those interested to know what is projected and to have opportunity to protest, and as shall insure fair presentation and consideration of all aspects of the proposed modification."
Although the factual scenario in Delfino differed from that in the present case, the general principle, of course, applies. In the present case, the defendant commission was not in a position in May 1999 to give adequate notice of a change in the plaintiffs' zones to the new Special Design Commercial Zone because at that time, the final regulations defining that new classification had not been fixed. At best, up to and at the time of the hearing, the regulations were legally in a developmental stage. This conclusion is strengthened by the fact, as revealed by the record, that commission members considered making changes in the regulations after the hearing and before finally adopting them. The fact that the commission did not ultimately make any changes does not alter the fact that at the time of the notice and hearing, the plaintiffs could not know what the final regulations would provide. Since the definition of the new zone had not been finally — that is, legally — determined, therefore, it was simply not possible then to hold an informed hearing on the proposal to change the zone of the plaintiffs' properties to that new zone. It follows that the plaintiffs were unable at the time of the hearing "to know what (was) projected and to have opportunity to protest."
As indicated previously, adequate notice and hearing are prerequisites to any valid change in zoning, See Delfino v. Planning Zoning Commission, supra, 30 Conn. App. 462-463. See also Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 536 (1987), holding "Due process of law requires not only that there be due notice of the hearing but at the hearing the parties involved have . . . an opportunity to know the facts on which the agency is asked to act. . . ."
For all of the reasons set forth above, the court concludes that the notice and hearing afforded by the commission on the application to change the zones of the plaintiffs' properties in this case were not adequate, and the deficiencies deprived the commission of subject matter jurisdiction to act on the zoning change application. CT Page 4680
The plaintiffs' appeal is sustained.
Maloney, J.