### FLOYD L. CHAPMAN
*vs.*
### THE JOURNAL PUBLISHING COMPANY, d.b.a. THE MERIDEN DAILY JOURNAL

Superior Court     New Haven County     File No. 57043

### MEMORANDUM FILED DECEMBER 12, 1939.

*Goldstein & Bracken*, of New Haven, for the Plaintiff.

*Cornelius J. Danaher*, of Meriden, for the Defendant.

FOSTER, J. The motion for more specific statement is granted as to all of the four paragraphs of such motion.

In paragraph 5 of the complaint the plaintiff alleges that a copy of the defamatory matters would be filed in this court on the return day of the action. Such has not been done. The portion of the article of which the plaintiff complains if he does not complain of the whole article, should be specifically set

forth, so that whether on its face it is libel may be determined as a question of law or so that the defendant may meet the claim by answer and upon the trial.

It may appear that in paragraphs 1 and 4 of the motion the defendant is seeking to ascertain the plaintiff's evidence and the identity of his witnesses. If the defendant does not know these facts before the trial, it cannot make a thorough investigation and preparation for the trial. If the allegations of the complaint as to the matters to which reference is made in these paragraphs of the motion be true, knowledge of these matters sought by the defendant in its motion cannot harm the plaintiff; lack of such knowledge by the defendant in advance of the trial might work injustice to the defendant. These facts are within the knowledge of the plaintiff. They are not within the knowledge of the defendant and the defendant has no means of securing such knowledge except as the plaintiff reveals it.