DANIEL J. WHALEN *v.* MILTON E. IVES, SR.
(12764)

DUPONT, C. J., and LANDAU and SPEAR, Js.

Argued October 25, 1994—decision released February 21, 1995

*Wesley W. Horton,* with whom were *Kevin C. Connors* and *Christy Scott,* for the appellant (defendant).

*Daniel J. Whalen,* pro se, the appellee (plaintiff).

SPEAR, J. The defendant appeals from a judgment rendered in favor of the plaintiff in the amount of $261,122.96. The defendant claims that the trial court improperly (1) conducted a hearing in damages after he filed an answer that required the clerk "automatically" to set aside an earlier default for failure to plead, (2) granted the plaintiff's motion to strike the defendant's notice of intention to contradict the plaintiff's allegations at the hearing in damages, and (3) denied the defendant's motion to file a late notice of defenses as to the hearing in damages. We disagree with all of the

defendant's assertions and affirm the judgment of the trial court.

The plaintiff's complaint alleged that the defendant received certain valuable coins, a firearm and other articles that were stolen in a burglary of the plaintiff's home. The court granted the plaintiff's motion for default for failure to plead on January 17, 1992, and the clerk sent notice of the default to all parties on January 22, 1992.

On February 6, 1992, the defendant filed a motion to set aside the default pursuant to Practice Book § 376.[1] On February 25, 1992, the trial court granted the motion "if defendant files affidavit setting forth the existence of a defense, and files its answer by 3-10-92." The defendant failed to file the necessary documents. On March 23, 1992, the plaintiff filed a claim for the hearing in damages list. On April 2, 1992, the defendant filed an answer and on May 6, 1992, he filed a motion to strike the case from the hearing in damages list. In the May 6 motion to strike, the defendant asserted that "the clerk of the court was obligated to automatically set aside the default pursuant to § 363A of the Practice Book."[2]

The trial court denied the defendant's motion to strike, stating in its memorandum of decision that "[a]ccordingly, the defendant was defaulted not because he failed to plead but because he failed to comply with

---

[1] Practice Book § 376 provides in pertinent part: "A motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose. . . ."

[2] Practice Book § 363A provided at the time of the action: "Where a defendant is in default for failure to plead pursuant to Sec. 114, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar.

"If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the court, the clerk shall set aside the default."

an order of the court. (Practice Book § 351.)"[3] On May 18, the defendant filed a "notice as to hearing in damages" that stated which allegations of the plaintiff's complaint he intended to deny and, if necessary, disprove. The plaintiff then filed a motion to strike that notice, asserting that the notice had not been filed within ten days of the notice of default as required by Practice Book §§ 367[4] and 368.[5] The trial court granted the plaintiff's motion to strike, ruling that "the default was effective as of March 10, 1992, and notice of the court's order was communicated to counsel on February 25, 1992."

The defendant then filed a motion for permission to file a late "notice of defenses as to hearing in damages." That motion was denied by the trial court, and a hearing in damages was held on July 7, 1993. The trial court awarded the plaintiff compensatory damages of $78,245, which were trebled pursuant to General Statutes § 52-564.[6] Punitive damages of $26,387.96 were

[3] Practice Book § 351 provides in pertinent part: "If a party fails to comply with an order of court . . . he may be nonsuited or defaulted by the court."

[4] Practice Book § 367 provides: "In any hearing in damages upon default suffered or after a denial of a motion to strike, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless he has given notice to the plaintiff of his intention to contradict such allegations and of the subject matter which he intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall he be permitted to prove any matter of defense, unless he has given written notice to the plaintiff of his intention to deny such right or to prove such matter of defense."

[5] Practice Book § 368 provides in pertinent part: "In all actions in which there may be a hearing in damages, notice of defenses [as allowed by § 367] must be filed within ten days after notice from the clerk to the defendant that a default has been entered, and in case of the denial of a motion to strike, within ten days from the expiration of the time limited for pleading over."

[6] General Statutes § 52-564 provides: "TREBLE DAMAGES FOR THEFT. Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages."

also awarded, resulting in a total judgment of $261,122.96.

## I

The defendant first contends that he is entitled to use Practice Book §§ 376 and 363A because both sections address the setting aside of defaults and there is no express prohibition in the rules against using the sections seriatim. He reads the rules to allow a second opportunity to set aside a default. We disagree with the defendant's interpretation of the rules.

"The rules of statutory construction apply with equal force to Practice Book rules." *Grievance Committee* v. *Trantolo*, 192 Conn. 15, 22, 470 A.2d 228 (1984); *Brown* v. *Smarrelli*, 29 Conn. App. 660, 663, 617 A.2d 905 (1992), cert. denied, 225 Conn. 901, 621 A.2d 284 (1993). Two principles of statutory construction militate against the interpretation urged upon us by the defendant. The first principle is: "[W]hen two statutes relate to the same subject matter every effort should be made to find a reasonable field for the operation of both statutes . . . [and] where there is a reasonable field of operation for each statute which does not impinge on the domain of the other, it is the court's duty to give them concurrent effect." (Internal quotation marks omitted.) *Windham First Taxing District* v. *Windham*, 208 Conn. 543, 553, 546 A.2d 226 (1988); see also *McCarthy* v. *Commissioner of Correction*, 217 Conn. 568, 578, 587 A.2d 116 (1991).

Practice Book § 363A took effect on October 1, 1990, long after the adoption of Practice Book § 376.[7] Just as legislatures are presumed to act with the knowledge of existing laws, so too are the judges of the Superior Court presumed to act with knowledge of existing rules when promulgating new rules. This presumption exists

---

[7] Practice Book § 376 was adopted in 1978.

in order to "create one consistent body of laws." *Zachs* v. *Groppo,* 207 Conn. 683, 696, 542 A.2d 1145 (1988); *State* v. *Nixon,* 32 Conn. App. 224, 240, 630 A.2d 74 (1993), aff'd, 231 Conn. 545, 651 A.2d 1264 (1995). Pursuant to Practice Book § 376, a court, upon a party's motion, may set aside a default entered for *any* reason where judgment has not yet been rendered *"for good cause* shown upon *such terms* as it may impose." (Emphasis added.) Practice Book § 363A, however, is limited to defaults entered for failure to plead and authorizes the clerk to set aside such a default where an answer is filed before judgment is rendered.[8] The second paragraph of § 363A[9] works in conjunction with the first paragraph that allows the clerk to enter the default for failure to plead without placing the motion for such default on the short calendar. Prior to the adoption of § 363A, a defaulted party's only remedy was to appeal to the court pursuant to § 376 or its predecessors. Section 363A, on the other hand, mandates that the clerk set the default aside upon the filing of the answer before judgment is entered. In return for the guaranteed set aside of the default, the defendant gives up the right to file a motion to dismiss, a request to revise or a motion to strike.[10] The obvious purpose of § 363A is judicial economy. Such economy is achieved by eliminating the need to place motions for default for failure to plead and motions to set aside

---

[8] We note that Practice Book § 363A was amended effective as of October 1, 1992, to provide: "If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the court."

[9] See footnote 2.

[10] Practice Book § 112 sets out the pertinent order of pleading as: "(1) The plaintiff's complaint. (2) The defendant's motion to dismiss the complaint. (3) The defendant's request to revise the complaint. (4) The defendant's motion to strike the complaint. (5) The defendant's answer (including any special defenses) to the complaint. . . ." Practice Book § 113 provides that except where the court rules otherwise, the filing of a pleading "will waive the right to file any pleading . . . which precedes it in the order of pleading provided in [§ 112]."

such defaults on the short calendar when an answer is filed by the defaulting party, prior to judgment.[11] There is nothing in the rule to suggest that it was intended to provide a second opportunity to set aside the same default.

Practice Book §§ 376 and 363A can be made compatible by limiting each to its proper sphere of operation. Section 376 applies to all defaults and permits the court to set aside such defaults prior to judgment. A party who is defaulted for a reason other than failure to plead must use this section. A defendant who wants to file a pleading that precedes the answer may also resort to this section. In contrast, § 363A applies only to defaults for failure to plead and only when the defendant elects to waive the right to file preceding pleadings by filing an answer prior to judgment.

Upon being defaulted for failure to plead, the defendant must make a choice of which section to invoke. To decide otherwise would run counter to a second well settled rule of statutory construction. Neither statutes nor court rules should be interpreted in a way that leads to bizarre results. "When two constructions are possible, courts will adopt the one which makes the [statute] effective and workable, and not one which leads to difficult and possibly bizarre results." (Internal quotation marks omitted.) *Gabrielle* v. *Hospital of St. Raphael*, 33 Conn. App. 378, 386, 635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994). "[I]n construing a statute, common sense must be used and courts will assume that [the legislature intended to accomplish] a reasonable and rationale result . . . ." (Citations omitted; internal quotation marks omitted.) *Red Hill Coalition, Inc.* v. *Town Plan & Zoning Commission*, 212 Conn. 727, 737, 563 A.2d 1347 (1989).

---

[11] Our discussion is focused on Practice Book § 363A as it existed at the time of the pleadings in this case. The amended § 363A requires resort to the court's discretion if a claim for a hearing in damages or a motion for judgment is filed before the answer is filed.

Applying these principles to rule making, it becomes clear why the defaulted defendant must choose one of the rules of practice, and is precluded from using both to address the same default. If we were to adopt the interpretation advanced by the defendant, he would be able to invoke the court's discretion pursuant to § 376, knowing full well that the court could impose conditions for setting aside the default. The defendant could then choose not to comply with those conditions (as he did here) and effectively countermand the court's order that the default stand, absent compliance, by resorting to § 363A. This interpretation would vitiate that portion of § 376 that allows the court to set the terms on which it will set aside a default. An even more egregious result could occur when the court denies a defendant's motion to set aside a default that had entered for failure to plead. Before judgment entered, that defendant could file an answer and the clerk would "automatically" have to set the default aside. Such action would effectively overrule the court's order. In adopting § 363A, the judges of the Superior Court could not have intended the bizarre result of authorizing a clerk to overrule a court's order.

A rational result may be obtained by interpreting the rules to require that the defendant elect his remedy. A defaulted defendant could take the guaranteed set aside of § 363A by filing an answer or invoke the court's discretion pursuant to § 376. This would effect the judicial economy inherent in streamlining the short calendar pursuant to § 363A without impinging on the exercise of the court's authority to deny a motion to set aside such a default or to attach conditions thereto pursuant to § 376.

We conclude that once the defendant invoked the court's discretion pursuant to § 376, he was bound by the court's order thereon and was not entitled to the benefit of § 363A with respect to the same default.

## II

The defendant next claims that the court's order striking his "notice as to hearing in damages" was improper for two reasons. First, he asserts that a motion to strike is not the proper vehicle to address such a notice and, second, he contends that the ten day period pursuant to Practice Book § 368[12] was never triggered because no notice of the operative default was ever sent by the clerk. We are not persuaded by either argument.

## A

The defendant correctly asserts that a motion to strike tests the legal sufficiency of a pleading. *Gordon* v. *Bridgeport Housing Authority*, 208 Conn. 161, 170, 544 A.2d 1185 (1988). He argues that because the attack on the notice addressed its timeliness rather than its legal sufficiency, the motion to strike was improper. In support of this argument, the defendant cites *Mac's Car City, Inc.* v. *DeNigris*, 18 Conn. App. 525, 528, 559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356 (1989), for the proposition that the proper way to raise a claim that a cause of action is time barred is by way of a special defense, not a motion to strike.

We do not need to address the issue of whether a motion to strike or a special defense is the proper way to raise a timeliness claim pursuant to § 368 because Practice Book § 373[13] prohibits *any* pleading to a notice of defenses.

Even though the plaintiff's motion here is labeled "motion to strike" and invokes Practice Book § 151,[14]

---

[12] See footnote 5.

[13] Practice Book § 373 provides: "The plaintiff shall file no pleading to such notice, but may meet the facts set up therein by any proper evidence."

[14] Practice Book § 151 is entitled "Motion to Strike."

we look to the substance of the claim rather than the form. In *Killingly* v. *Wells*, 18 Conn. App. 508, 514, 558 A.2d 1039 (1989), this court determined that the use of a form labeled "application for review" was sufficient to appeal a statement of compensation in a condemnation case even though the operative statute provided for an "Appeal by owner."[15] The court stated that it "was abundantly clear to all parties that the defendant's application for review contested the town's statement of compensation . . . ." Id. In *State* v. *Gonzalez*, 206 Conn. 213, 219, 537 A.2d 460 (1988), the Supreme Court rejected a claim that the defendant had not waived his *Miranda* rights because he signed a form labeled "notice of rights" rather than a "waiver of rights" form. The Supreme Court stated that to accept such a claim would elevate form over substance under the circumstances of that case where there was a clear waiver of the defendant's *Miranda* rights.

There is nothing in the plaintiff's motion to strike that addresses the legal sufficiency of the defendant's notice of defenses. The sole claim made by the plaintiff is that the notice was untimely. This "motion" is, therefore, more properly viewed as an objection to the *filing* of the notice rather than a pleading that attacks the contents of the notice. Although the trial court ruled that the "motion is appropriate to address the legal sufficiency of what is in effect an answer," we may affirm the trial court's ruling on an alternative ground supported by the record. See *Kelley* v. *Bonney*, 221 Conn. 549, 592, 606 A.2d 693 (1992); *Latimer* v. *Administrator*, 216 Conn. 237, 252, 579 A.2d 497 (1990); *In re Jennifer G.*, 29 Conn. App. 689, 693, 617 A.2d 921 (1992).

It is necessary to treat the plaintiff's motion as an objection in order to achieve a rationale result in read-

---

[15] General Statutes § 8-132 provides for judicial review of such compensation in a condemnation case and is entitled "Appeal by owner."

ing § 367, notice of defenses, § 368, ten day rule, and § 373, no pleading to notice, together. To hold that a late notice cannot be attacked would make the ten day provision superfluous and inoperative. Rules of practice, as must statutes, must be read to give effect to all of their provisions. *Berger* v. *Tonken*, 192 Conn. 581, 589, 473 A.2d 782 (1984); *State* v. *Roque*, 190 Conn. 143, 150–51, 460 A.2d 26 (1983); *Hayes* v. *Travelers Indemnity Co.*, 26 Conn. App. 418, 421, 601 A.2d 555 (1992). To hold the plaintiff strictly to the label on his filing would exalt form over substance. Because the substance of the plaintiff's motion was the objection to the defendant's notice as untimely, it was a proper filing. The court's action in granting the motion was the functional equivalent of sustaining the objection to the late notice.

## B

The defendant further asserts that there was no notice of a default that triggered the ten day provisions of § 368. He also claims in the alternative that § 368 provides that a notice of defenses can be filed, in the case of a denial of a motion to strike, within ten days from the expiration of the time limited for pleading over. The defendant's notice here was filed within ten days of the trial court's denial of his motion to strike the case from the hearing in damages list.

We address the defendant's alternative claim first because it is easily refuted. The part of § 368 that he cites refers only to a situation where a party has a right to plead over.[16] After the court denied the defendant's motion to strike this case from the hearing in damages list, the defendant could not have pleaded over because he had already been defaulted for failure to plead. Therefore, the defendant's reliance on this part of § 368 is misplaced.

---

[16] See footnote 5.

We now address, the defendant's claim that there was no notice of default that would trigger the ten day period. His argument rests on two bases: (1) the trial court's statement that the defendant was defaulted for failure to comply with conditions set by the court and *not* for failure to plead; and (2) the trial court's statement that the notice of default that triggered the ten day period was the court's order of February 25, 1992. The defendant asserts: (1) that the clerk never sent notice that he was defaulted for failure to comply with the conditions set by the court in its February 25, 1992 order; and (2) if the ten day period ran from February 25, 1992, he was in the position of having the ten days expire before his March 10, 1992 deadline for compliance with the conditions set by the court. These assertions are without merit.

The trial court's order of February 25, 1992, granting the defendant's motion to set aside the default for failure to plead on certain conditions constituted what is commonly referred to as a nisi order. Ballentine's Law Dictionary defines nisi as: "Unless, if not: except." Such orders are conditional and empower the affected party either to avoid an adverse order of the court or to cause an existing adverse order to be set aside or vacated by complying with the specified conditions.[17] The present case is an example of the latter type of nisi order. The defendant was empowered by the trial court to effect a set aside of the default for failure to plead by complying with the two conditions set by the court. If the defendant had timely complied with those conditions, the default would have been set aside effective as of the date of compliance without the need for further action by the court. By failing to comply with

---

[17] An example of the former is an order by this court that an appellant's appeal will be dismissed if the appellant's brief is not filed by a certain date. If the appellant fails to file the brief on or before the designated date, the dismissal enters as of that date without further order of the court.

those conditions, the defendant failed to effect the set aside and, therefore, remained in default for failure to plead.

The notice that triggered the ten day provisions of § 368 was, therefore, the January 22, 1992 notice of default for failure to plead. Because that default was never set aside, the trial court's statements that the defendant was defaulted for failure to comply with the conditions set on February 25, 1992, and that the order of February 25 was the notice of default, were of no consequence. Although the trial court referred to Practice Book § 351,[18] no disciplinary default entered on February 25, 1992, because the trial court did not order the defendant to do anything. The court granted the defendant the *opportunity* and the means to effect a set aside of the default, but the defendant's failure to comply with the conditions and take advantage of that opportunity was not a violation of a court order.

The plaintiff's assertion that the February 25, 1992 order of the trial court could not be notice because the ten days would have run prior to the expiration of the time period within which the defendant could have complied with the court's conditions is also without merit.[19] We agree that the February 25 order was not notice of a default for the reasons discussed previously. The ten day period after February 25, 1992, is irrelevant because the ten day period for filing a notice of defenses began to run from the January 22, 1992 notice and had expired before the defendant filed his motion to set aside the default on February 6, 1992. The trial court's

---

[18] See footnote 3.

[19] The defendant's claim that he was entitled to notice of his own failure to comply with the nisi order defies logic and common sense. In addition, such a requirement would place an unnecessary and onerous burden on the clerk's office because the clerk would have to set up a system to monitor such orders and to notify noncomplying parties of that which they already know.

incorrect statements regarding the notice and the default, therefore, did not affect the defendant's rights.

Normally a default conclusively determines liability. *Ratner* v. *Willametz*, 9 Conn. App. 565, 579, 520 A.2d 621 (1987). Pursuant to § 367, a defaulted defendant who files a timely notice of defenses can contradict the allegations of the complaint and prove matters of defense in addition to contesting the amount of damages. This approximates what the defendant would have been able to do if he had filed an answer and special defenses. In order to obtain this extraordinary relief, the defendant must act within ten days of the notice of a default "[i]n all actions where there *may* be a hearing in damages . . . ." (Emphasis added.) Practice Book § 368. A party who allows the ten day period from the notice of a default to expire without filing a notice of defenses does so at his peril. The defendant elected to appeal to the court's discretion pursuant to § 376 without filing a timely notice of defenses as a precaution in the event the court denied his motion to set aside the default. He then chose to ignore the opportunity presented by the court to effect a set aside of the default. The trial court properly precluded the May 18, 1992 notice of defenses because the ten day period for doing so had expired over three and one-half months earlier.

## III

The defendant's final claim is that the trial court improperly denied his motion to file a late notice of defenses as to a hearing in damages. The defendant's motion to file a late notice of defenses was addressed to the sound discretion of the trial court. We reverse discretionary rulings of the trial court only where such discretion has been abused and has caused prejudice or injustice. See *State* v. *Denby*, 35 Conn. App. 609, 620, 646 A.2d 909 (1994); *State* v. *Harrison*, 34 Conn.

App. 473, 484, 642 A.2d 36, cert. denied, 231 Conn. 907, 642 A.2d 36 (1994); *Coble* v. *Maloney*, 34 Conn. App. 655, 661, 643 A.2d 277 (1994). "Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds. . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." (Citations omitted; internal quotation marks omitted.) *Burke* v. *Avitabile*, 32 Conn. App. 765, 770–71, 630 A.2d 624, cert. denied, 228 Conn. 908, 634 A.2d 297 (1993).

In view of all of the circumstances here, including the fact that the notice of defenses was filed more than three and one-half months late, we conclude that the trial court did not abuse its discretion in denying the motion to file a late notice of defenses.

The judgment is affirmed.

In this opinion the other judges concurred.