[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendants' motion for summary judgment in a CT Page 10954 legal malpractice case, which motion is based on the defendants' third special defense of collateral estoppel.
The complaint alleges that Attorney Kevin C. Connors engaged in legal malpractice in his representation of the plaintiff, Ives, in defense of a civil matter denoted as Whalen v.Ives, Tolland J.D., D.N. CV 91-0048216. There are no genuine issues of fact as to the following matters.
The civil case of Whalen v. Ives, supra, arose out of allegations that Ives received and retained certain valuable coins, a firearm, and other items which were stolen during a burglary of Whalen's home. The complaint in that civil case contained two counts. The first count alleged that Ives knowingly received the stolen goods, and the second count alleged that he negligently did so. Connors represented Ives in that civil case.
Ives was also arrested and charged with larceny first degree, in violation of §§ 53a-119(8) and 53a-122(a)(2), involving the same stolen items. Connors also represented Ives in his criminal case. Ives was convicted of this charge, inter alia, after a fully conviction jury trial. This judgment of conviction was affirmed on appeal, State v. Ives, 37 Conn. App. 40
(1995), cert. denied, 234 Conn. 906 (1995).
As to the civil case, on February 6, 1992, a default entered against Ives for failure to plead, Whalen v. Ives,37 Conn. App. 7, 8 (1995), cert. denied, 233 Conn. 905 (1995). On February 25, 1992, the trial court granted Ives' motion to set aside the default and ordered Ives to file an answer by March 10, 1992, Id., 9. Connors failed to file an answer by that date, another default entered, and the case was scheduled for a hearing in damages, Id. Connors then failed to file a timely notice, under Rules of Practice § 367, that Ives intended to argue matters besides damages at the hearing in damages. Consequently, Ives was precluded from contesting liability at the hearing in damages, Id. After a hearing in damages, judgment was entered for Whalen and against Ives for $261,122.96, Id., 10. This judgment was also affirmed on appeal, Whalen v. Ives, supra.
On March 27, 1995, Ives filed the present action essentially claiming that Connors' failure to file a timely answer and timely notice to contest liability under Rules of Practice § 367 deprived Ives of the opportunity to defend against liability in the civil action of Whalen v. Ives, supra. The CT Page 10955 plaintiff makes no claim that Connors' representation was substandard at Ives' criminal trial or at the evidentiary phase of the hearing in damages.
Guided by Rules of Practice § 384 and a review of the pleadings, admissions, and other proof, the court finds no genuine issue of fact exists as to any material fact regarding the defendants' third special defense. In order to prove legal malpractice it is insufficient to prove that one's attorney rendered deficient representation. The plaintiff must also prove that, but for those deficiencies, the plaintiff would have prevailed at the earlier proceeding. Here, Ives must prove that, but for Connors' failure to file a timely answer and § 367 notice, he would have defeated Whalen's claim of liability. Damages are not an issue in this case because Ives received a full hearing as to damages. The only issue is whether the filing of a timely answer or notice under § 367 would have altered the outcome of Whalen v. Ives, supra, with respect to liability.
The defendants argue that the unfavorable outcome of Ives' criminal trial collaterally estops him from contesting liability for knowingly receiving the property stolen from Whalen. Formerly, in Connecticut the doctrine of collateral estoppel applied only where a mutuality of parties exists. Brockettv. Jensen, 154 Conn. 328, 338 (1966). The mutuality of parties requirement was abandoned by our Superior Court inAetna Casualty and Surety Co. v. Jones, 220 Conn. 285,300 (1991). In that case, an insurance carrier successfully argued that the result of criminal case could establish a lack of liability in a civil proceeding where the issue of whether a homicide was intentional was determinative of the later, civil case. The Supreme Court applied the principles of collateral estoppel to bar recovery from the insurance carrier despite the fact that the company was not a party to the criminal case.
In the present case, the jury's verdict and subsequent conviction in State v. Ives, supra, necessarily established, beyond a reasonable doubt, after a full hearing on the matter, that Ives received the property belonging to Whalen with knowledge of its larcenous genealogy. The plaintiff has conceded, by way of an admission, that the property which was the subject of the criminal charges is identical to the property which was the subject of the civil conversion case. The elements of the change of larceny by receiving stolen property under G.S. CT Page 10956 § 53a-119(8) satisfy the elements of the intentional conversion alleged in the first count of Whalen v.Ives, supra.
The only issue in the civil case left open by the judgment of conviction in the criminal case was the precise value of the damages sustained as a result of Ives' conversion of Whalen's goods. That issue was fully litigated at the hearing in damages, and, as noted above, there is no claim that Connors provided substandard representation at that hearing.
For the above reasons, the court holds, as a matter of law, Connors' alleged professional errors made no difference in the final result of Whalen v. Ives, supra, because Ives' responsibility was determined by the guilty verdict in Statev. Ives, supra. Judgment is entered for the defendants.
Sferrazza, J.