[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #106
The plaintiff's complaint, dated December 1994, seeks the return of personal property from the defendant. The defendant appeared on February 1, 1995, and thereafter on March 3, 1995, the court granted the plaintiff's Motion for Default for Failure to Plead. On February 22, 1995, the defendant filed the instant Motion to Strike.
Practice Book § 363A provides in relevant part that "[w]here a defendant is in default for failure to plead pursuant to Sec. 114, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing. . . ." Practice Book § 363A. This section also includes an automatic set-aside provision whereby "[i]f a party who has been defaulted under this section files an answer before a judgment upon the default has been rendered by the court, the clerk shall automatically set aside the default." (Emphasis added.) Id. Section 363A "mandates that the clerk set the default aside upon the filing of the answer before judgment is entered. In return for the guaranteed set aside of the default, the defendant gives up the right to file a motion to dismiss, a request to revise or a motion to strike." Whalen v. Ives, 37 Conn. App. 7, 12,654 A.2d 798 (1995). CT Page 5123-L
Practice Book § 376 provides a defaulted defendant with a second option. "A motion to set aside a default where no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose." Practice Book § 376. Where § 363A applies only to defaults for failure to plead, "[s]ection 376 applies to all defaults [including defaults for failure to plead] and permits the court to set aside such defaults prior to judgment." Whalen v. Ives, supra, 37 Conn. App. 13. "If a defaulted party wishes to file a motion to strike, the party must first move the court to open the default pursuant to Practice Book § 376." McGhie v. Reliable Taxi Co.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 280107 (August 4, 1993, Leheny, J., 8 CSCR 904). "A motion to strike cannot be entertained when a motion for default has been granted against the defendant and the defendant has not moved to open the default pursuant to Practice Book 376."Scott Swimming Pools v. Aniscovich, Superior Court, judicial district of Waterbury, Docket No. 114383 (October 19, 1993, Sylvester, J.).
In the present action, the defendant has not filed an answer or a motion to open pursuant to Practice Book § 376, which are the only pleadings permitted in the face of a "default" which is still outstanding. The defendant's Motion to Strike is improper given the present status of the pleadings in this case and therefore said motion is denied.
/s/ Pellegrino, J. ------------------ PELLEGRINO