[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has moved for a nonsuit against the plaintiff for failure to comply with an order of the court that it revise its complaint. Because the sanction sought is a drastic one, the court has carefully examined the pleadings and the law.
The plaintiff, 2500 SS Limited Partnership, filed a three count complaint against the defendant, Thomas White, alleging tortious interference with contract, tortious interference with business relationships and defamation. The defendant filed a request to revise and the plaintiff filed objections thereto. Overruling the plaintiff's objections, the court ordered the plaintiff to revise his complaint to state more particularly the allegedly defamatory statements.
Thereafter, the plaintiff filed a second revised complaint. The defendant then filed a motion for nonsuit, pursuant to Practice Book § 351. In that motion, the defendant claimed that the third count of the second revised complaint does not comply with the order of the court to provide more particular statements. Specifically, the defendant claims that the complaint fails to state the exact language that the plaintiff alleges was defamatory. See Chapman v. Journal PublishingCompany Co., 7 Conn. Sup. 423, 434 (1939). CT Page 5673
"Parties failing to plead according to the rules and orders of the court may be nonsuited or defaulted, as the case may be. General Statutes § 52-119; see Practice Book §§ 128, 268, 351. . . . It has long been held that a trial court may enter a judgment of nonsuit against a party who fails to comply with an order . . . for a more specific statement." (Internal quotation marks omitted.) Rodriguez v. Mallory Battery Co., 188 Conn. 145,150, 448 A.2d 829 (1982).
Practice Book § 108 provides: "each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved. . . ." There is no clear appellate case law as to whether a plaintiff must specifically plead the statements allegedly constituting defamation. Cf. Yavis v. Sullivan,137 Conn. 253, 261 (1950) (each publication of slander must be alleged in a separate count). The court in Chapman v. JournalPublishing Co., 7 Conn. Sup. 423, 424 (1939), did require the plaintiff in a libel action to make his complaint more specific by setting forth the allegedly defamatory article in his complaint, but this holding has not been universally followed. See, e.g., Golino v. MacDonald, Superior Court, judicial district of New Haven, No. 269058 (1990); Wilder v. Brewer,
Superior Court, judicial district of Hartford-New Britain at Hartford, No. 538573 (1994) (observing that "[a] review of the review of the reported case law in this jurisdiction does not reveal any specific authority supporting the proposition that a plaintiff in a libel action must attach to, and incorporate in, the complaint the allegedly libelous documents."). In any event, "[t]rial court cases . . . do not establish binding precedent."Statewide Grievance Committee v. Presnick, 18 Conn. App. 316, 323n. 3 (1989).
Under the federal rules of civil procedure, however, "a complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made, by whom, and to whom. A complaint is insufficient to withstand dismissal for failure to state a cause of action where, other than the bare allegation that the defendant's actions caused injury to plaintiff's reputation, the complaint sets forth no facts of any kind indicating what defamatory statements, if any, were made, when they were made, or to whom they might have been made." 50 Am.Jur.2d, Libel and Slander, § 434. See, e.g.,Phantom Touring, Inc. v. Affiliated Publications, 953 F.2d 724, CT Page 5674 728 n. 6, cert. denied, 112 S.Ct. 2942, 504 U.S. 974,119 L.Ed.2d 567 (1st Cir. 1992); Bobal v. Rensselaer PolytechnicInstitute, 916 F.2d 759, cert. denied, 111 S.Ct. 404,113 L.Ed.2d 459 (2d. Cir. 1990); Asay v. Hallmark Cards, Inc.,594 F.2d 692 (8th Cir. 1979); Street v. National Broadcasting Co.,512 F. Sup. 398, aff'd, 645 F.2d 1227, cert. dismissed,102 S.Ct. 667, 454 U.S. 1095, 70 L.Ed.2d 636 (D.C. Tenn. 1977);McGeorge v. Continental Airlines, Inc., 871 F.2d 952 (10th Cir. 1989). Freedlander v. Edens Broadcasting, Inc., 734 F. Sup. 221, aff'd, 932 F.2d 848 (E.D. Va. 1990) (allegedly defamatory song lyrics, attached to complaint, satisfied specificity requirement); Eisenberg v. General Motors Acceptance Corp.,761 F. Sup. 20 (E.D. Pa. 1991).
"[G]enerally knowledge of the exact language used is necessary to form responsive pleadings." Asay v. Hallmark Cards,Inc., 594 F.2d 692, 699 (8th Cir. 1979). "To state a claim for defamation, the allegedly defamatory statements must be set forth in the complaint substantially in the language uttered."Sorin v. Board of Education of City of School Dist. ofWarrensville Heights, 464 F. Sup. 50, 53 (D.C. Ohio 1978).
This court is aware that it cannot import a federal rule of pleading into the Practice Book. Fattibene v. Kealey, 18 Conn. App. 344,356 (1989). However, the rationale underlying that federal case law can be relevant in determining how a trial court should exercise its broad discretion in ruling on an objection to a request to revise. Cf. ibid.; Cervino v. Coratti,131 Conn. 518, 520 (1945) (where complaint is complete on its face, requiring a more specific statement is largely within court's discretion). "By pleading the exact language at issue, a defamation plaintiff provides the defendant with the information s/he needs to respond appropriately." Levitt v. S.C.Food Services, Inc., 820 F. Sup. 366, 368 (N.D. Ill. 1993). In defamation actions especially, words count, and a premium is placed on the precise words employed. In addition, requiring the plaintiff to specifically plead the precise defamation facilitates the use and disposition of pretrial dispositive motions and a determination of whether the alleged defamation is privileged.
In determining whether or not to grant the defendant's motion for nonsuit, the court must determine whether the plaintiff complied with its order to provide more particular statements regarding the claim for defamation. The third count CT Page 5675 of the plaintiff's second revised complaint alleges that the defendant "perpetrated a campaign of defamation against the Plaintiff" by "[p]ublishing and disseminating through local and regional media interviews, public statements, press releases, public correspondence, newsletters, direct correspondence with Plaintiff's contract tenant for the Dewhirst site, and other means, disparaging and pejorative false statements . . . designed to lower Plaintiff in the esteem of the community, stigmatizing Plaintiff, thereby deterring and dissuading others from dealing with the Plaintiff, said false statements including . . . [a]llegations that the Plaintiff operates and conducts business in violation of local zoning laws; [a]llegations that the Plaintiff operates and conducts business through corrupt channels, and by purchasing political influence; [a]llegations that the Plaintiff has engaged in `intimidation' and `scare tactics,' in furtherance of its plan to develop the Dewhirst site, and that Plaintiff otherwise operates and conducts business in derogation of acceptable community standards." The complaint also alleges that the defendant "Levying, through local and regional media interviews, public statements, press releases, public correspondence, newsletters, direct correspondence with Plaintiff's contract tenant for the Dewhirst site, and other means, allegations of improper conduct, lack of integrity and lack of skill against the Plaintiff . . . in connection with their performance of the Plaintiff's business, as a part of a media campaign founded upon the publication of libelous innuendo, such libelous innuendo including. . . [s]tatements reasonably capable of interpretation that the Plaintiff operates and conducts business in derogation of acceptable community standards; [s]tatements reasonably capable of interpretation that the Plaintiff operates and conducts business through corrupt channels and by purchasing political influence."
The allegations in the third count lack the specificity ordered and needed to apprise the defendant of the claims against him and to permit the defendant to file a responsive pleading. The third count fails to specifically allege the substance of the defamatory remarks allegedly made by the defendant. Although the complaint alleges the substance of the allegedly defamatory remarks, i.e., that the plaintiff operates and conducts business in violation of local zoning laws, that the plaintiff conducts business through corrupt channels, that the plaintiff purchased political influence and that the plaintiff engaged in intimidation and scare tactics, the CT Page 5676 complaint fails to specifically allege when, where and to whom each remark was allegedly made. This information cannot be ascertained by the general allegations of the third count. Because the third count of the second revised complaint fails to comply with the order of this court and does not adequately apprise the defendant of the material facts the plaintiff intends to prove in its slander count, the court grants the defendant's motion for nonsuit.
BY THE COURT
Bruce L. Levin Judge of the Superior Court