[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE AMENDED MOTION TO OPEN DEFAULT
This is an action seeking the payment of uninsured motorist benefits arising out of a motor vehicle accident that occurred on April 28, 1994. The plaintiff's complaint, bearing a return date of April 30, 1996, was filed in this court on April 3, 1996. On May 3, 1996, the plaintiff moved for default for failure to appear, which motion was granted by the clerk on the day it was filed. The defendant, however, appeared by present counsel on May 14, 1996, resulting in the automatic setting aside of the default. Practice Book § 352.
The plaintiff had filed a claim to the hearing in damages list on May 13, but the defendant's motion to strike the case from that list was granted by the court, Thompson J., on July 1, 1996. On the same day, the court also granted the defendant's May 23, 1996 motion for extension of time to plead.
The court denied a June 20, 1996 motion for default for failure to plead because the defendant's motion for extension of time to plead was still pending. On September 12, 1996, however, the court granted a new motion for default for failure to file a pleading addressed to the complaint and the plaintiff reclaimed the case to the hearing in damages list
The case was scheduled for a hearing in damages on October 16, 1996. On October 15, however, the defendant filed an answer and a motion to open default. He, faxed copies of these motions to the plaintiff's counsel shortly after 5:00 P.M. on that day. The plaintiff and his counsel appeared at the call of the hearing in damages calendar and asked to be permitted to proceed. The defendant also appeared and asked that its motion to open be CT Page 8432 granted. The court continued the hearing in damages and set the motion to open default down for argument on the October 21, 1996 short calendar. The motion to reopen on that day along with law and supplemental affidavit
Practice Book § 363A provides Where defendant is in default for failure to plead to § 114, the plaintiff may file a written motion for default acted on by the clerk upon filing, without placement on the short calendar. If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the court, clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the court.
This practice book provision is the appropriate procedure to be followed by a defendant who seeks to file an answer and open a default after a claim to the hearing in damages list. Whalen v.Ives, 37 Conn. App. 7, 13 (1995). Although, in contrast to Practice Book § 376, Practice Book § 363A does not include an explicit requirement that the moving party demonstrate good cause, it is apparent that by providing that only the court, and not the clerk, may open a default that has been claimed to the hearing in damages list, the Rules do not contemplate an opening of the default upon demand. It is implicit in the requirement of court approval for the opening of such a default that there be some good and sufficient basis for the request.
The defendant, through his affidavit, has set forth facts tending to show that it had been making good faith efforts to ascertain information that would enable it to interpose a good faith answer to the plaintiff's complaint. In particular, it sought to determine who was the operator of the other vehicle involved in the accident and whether that operator was at fault. It is undisputed, however, that following the expiration of the initial thirty day extension of time on August 1, 1996, the defendant made no effort to alert the court or opposing counsel to the fact that it was engaged in such an effort or that it sought an additional extension of time. Even when a new default had been entered against it and the case claimed to the hearing in damages list for a second time it took no action until literally the eve of the scheduled hearing, without even granting plaintiff's counsel the courtesy of advising him that it was contemplating such a motion to open. CT Page 8433
Although the plaintiff has been inconvenienced by the defendant's conduct, he does not seek monetary sanctions. Instead, he suggests that the court deny the motion to open and treat the answer as a notice of defenses pursuant to Practice Book § 367, which provides:
 In any hearing in damages upon default suffered or after a denial of a motion to strike, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless he has given notice to the plaintiff of his intention to contradict such allegations and of the subject matter which he intends to contradict, nor shall the defendant be permitted to deny the right of the plaintiff to maintain such action, nor shall he be permitted to prove any matter of defense, unless he has given written notice to the plaintiff of his intention to deny such right or to prove such matter of defense.
Practice Book § 368 prescribes that such a notice of defenses be filed within 10 days of notice of the default, and Practice Book § 370 prescribes the form for such a notice. While the defendant's "Answer" is in compliance with neither of these provisions, the plaintiff has indicated his willingness to waive these defects and to permit the defendant at the hearing in damages to assert its defenses, as to which it would have the burden of proof.
The defendant points out that this is a 1996 case and that, now that an answer has been filed, opening the default will not seriously prejudice the plaintiff in that the short delay occasioned by the defendant's tardiness is insignificant when compared to the period of time this case will have to wait before it is reached for trial. This argument misses the point.
There is no reason for this court or any litigant to accept as standard procedure the present backlog, with its several year wait before cases are reached for trial. Any party has the right to move its case through the system as expeditiously as it can. While many delays are unavoidable and even necessary, those delays that are caused by a deterioration of professional courtesy and indifference to its impact on opposing counsel and parties, especially when accompanied by brinkmanship of the sort displayed in this case, need not be tolerated by litigants and CT Page 8434 should not be condoned by courts.
This court is extremely reluctant to deny any party its "day in court". If it were faced with the choice of either denying the motion to open and proceeding with a hearing in damages at which the defendant could only offer evidence to reduce the amount of damages, Practice Book § 374, on the one hand, or granting the motion to open on the other, this court would be find it difficult indeed to deny the motion to open. Treating the defendant's purported answer as a Practice Book § 367 notice of defenses, however, permits the court to adhere to the orderly system of pleading prescribed by our Rules of Practice while at the same time not totally denying a dilatory defendant the opportunity to assert its defenses, albeit with the burden of proof shifted to it. Although this court is not convinced that it could, sua sponte, treat the defendant's answer as a notice of defenses, it is persuaded that, given the plaintiff's waiver of his objections to the filing of a notice of defenses based on time and form, it may do so at the request when it is otherwise in the interest of justice to do so.
The defendant's motion to open default is therefore denied. The defendant's purported "Answer" shall be treated as a Practice Book § 367 notice of defenses, which the defendant shall amend within ten days in accordance with Practice Book § 372 so that it complies with Practice Book §§ 370 and 371.
Jonathan E. Silbert, Judge