[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED FEBRUARY 6, 1997
I. Factual and Procedural History
CT Page 694-WW
The plaintiff in this action is seeking to recover for damages incurred as a result of an automobile accident. Her complaint names three defendants: the driver of the car, Edgar A. Gonzalez; the owner of the car for whom the driver was working at the time of the accident, Edmond Ikani; and Patriot General Insurance Company (hereafter "Patriot General"), the plaintiff's uninsured carrier. Count one of the complaint alleges negligence against defendants Gonzalez and Ikani. Count two alleges that Patriot General is responsible to the plaintiff for the injuries she sustained in the collision pursuant to a $20,000 uninsured motorist plan she had in effect with Patriot General.
The plaintiff moved, on August 20, 1996 (#101), that a default be entered against the tortfeasor defendants for failure to appear. The motion was granted as to defendant Gonzalez. A similar motion was granted as to defendant Ikani on September 12, 1996 (#103).
No judgment was entered on either default. Patriot General filed an Answer and Special Defenses (#104) on September 16, 1996, alleging the special defense of set-off. The plaintiff replied to the special defense on September 18, 1996 (#105). On September 20, 1996, Patriot General moved that non-suit (#106) be entered against the plaintiff for her failure to comply with the CT Page 694-XX defendant's Request for Disclosure and Production dated August 13, 1996. Subsequently, Patriot General moved for an order of compliance (#107).
On October 15, 1996, Patriot General filed an amended answer with special defenses claiming that the plaintiff would be limited to recovery of no more than the $20,000 limit for uninsured motorist benefits for each covered person; that Patriot General, if held liable for damages, would be liable for only so much of the damage amount as remains after a reduction is taken for expenditures made "by or on behalf of anyone responsible for the plaintiff's injury, including any amount paid under the liability insurance of the policy of insurance issued to the plaintiff and any amount paid or payable under workers' compensation law" or under disability or other compensatory scheme. The third special defense reiterated Patriot General's setoff defense.
Two days later, on October 17, the plaintiff filed a claim for a hearing to the court in damages which also certified that the pleadings had been closed (#110). On October 23, 1996, Patriot General claimed the case for the jury list (#111). That claim was accompanied by Patriot General's claim that the matter be placed on the civil trial list — jury (#112). Patriot General's Order of Compliance (#107) was granted on October 28, 1996, by CT Page 694-YY the court (Stengel, J.) who concurrently ordered that the nonsuit previously requested "shall enter unless compliance within 15 days." Plaintiff's Compliance With Defendant's Motion, dated October 11, 1996, was filed by the plaintiff on November 6, 1996. The court record reflects that a pretrial hearing was held on November 15, 1996, attended by attorneys for the plaintiff and Patriot General. The record of the pretrial hearing indicates that liability in this matter is not disputed, but that Patriot General believes the damage claim with respect to chiropractic care has been overstated, and that the claim of future 10% disability for 45 years is not reliable.
A Motion to Dismiss filed by Patriot General on December 5, 1996, pertaining to plaintiff's failure to respond to Patriot Generals' discovery request was taken off the short calendar on December 23, 1996, by agreement of the parties (#113). On December 6, 1996, Patriot General filed this Motion to Strike From Hearing in Damages Docket (#114). A second copy of the Plaintiff's Compliance With Defendant's Motion Dated October 11, 1996, was filed with the court on December 9, 1996 (#115). The plaintiff filed an Objection to Motion to Strike From Hearing in Damages Docket and Request for Ruling on Collateral Estoppel on December 12, 1996 (#116).
II. Discussion
CT Page 694-ZZ
In support of its motion to strike, Patriot General argues that its claim to the jury trial list regarding all disputed issues of fact conformed with the requirements of Connecticut General Statutes § 52-215. and/or that because the plaintiff's claim for a hearing in damages was untimely in light of the plaintiff's failure to default a party defendant for failing to appear, the claim should be stricken. The plaintiff objects and claims that Patriot General's argument is based on a faulty recitation of the facts of the case. The plaintiff additionally requests that the court rule on the prospective issue of collateral estoppel. In its accompanying memorandum, the plaintiff purports to set out the correct facts, "with documentation, as well as additional reasons and authorities."
A. Motion to Strike with respect to trial lists
Until recently, under certain circumstances, the courts have entertained motions to strike a case or matter from a trial or assignment list. See e.g. Skinner v. Angliker, 211 Conn. 370,373, 559 A.2d 701 (1989), 669 Atlantic Street v. AtlanticRockland Stamford, 43 Conn. App. 113, 129 (1996), and Meyers v.Cornwell Quality Tools, Inc., 41 Conn. App. 19, 25, 674 A.2d 444
(1996). Also. see Practice Book § 282. The rule of practice stated that "[i]f in the opinion of the court, a case or matter CT Page 694-AAA [was] improperly upon a trial or assignment list; it [would] be stricken from the list, or otherwise disposed of, at the discretion of the court. Cases [could] at any time, by order of the court, be placed upon either list." Id. This provision was typically applied as a means for striking cases from the jury docket when they had not been properly claimed or were equitable in nature. Practice Book § 282, Authors' Comments. Effective October 1, 1996. Practice Book § 282 was repealed, because "trial lists" and "assignment lists" ceased at that time to be the system for organizing trial dates. Id. 1997 Supplement, Official Commentary to 1996 Amendments. "[H]earings in damages on defaults" had been among the procedures placed on trial lists. Practice Book § 253 (1978), repealed as of October 1, 1996. Thus a party could attempt to strike a hearing in damages from its respective trial list by means of a motion to strike. SeeWhalen v. Ives, 37 Conn. App. 7, 654 A.2d 798 (1995) (motion to strike from hearing in damages list denied). No comparable provision or amendment was added to the Practice Book rules to retain the right of a party to strike a matter from any court's calendar. Practice Book § 252, Authors' Comments. The authors of the Practice Book have suggested though that a party wishing to attack the docket might accomplish that goal by objecting to the claim pursuant to Practice Book § 260, Trial Lists-Claims For Jury, as amended. See P.B. § 282, 1997 Supplement, Author's Comments. CT Page 694-BBB
According to the record before this court, the Plaintiff filed a pre-printed claim for a hearing in damages on October 17, 1996. The motion to strike that claim was filed on December 6, 1996. Each party's request that the court take action on the docket was made after the October 1, 1996 repeal had taken effect. There being no present authority for striking the plaintiff's claim for a hearing in damages at this point, and Patriot General has cited none, the motion must be denied.
B. Claim for a hearing in damages
The court further orders that, consistent with the practice of this court, the hearing in damages as to the defaulted defendants will be held after the issues established for trial by Patriot General are tried to a jury, and that Patriot General, as conceded by the plaintiff, shall have "ample opportunity to appear at the hearing in damages and to present any defenses it may deem appropriate" notwithstanding any notice requirements that might otherwise have applied. See Practice Book § 372. ("The court may, for cause shown, and upon such terms as it may impose, permit such notice to be filed or amended at any time.") See also plaintiff's Objection to Motion to Strike From Hearing in Damages Docket and Request For Ruling in Collateral Estoppel, Plaintiff's Memorandum of Law, Dated December 10, 1996, and CT Page 694-CCC recorded on December 12, 1996 (not paginated). Practice Book § 268 authorizes the court to manage cases and to modify plans to prevent manifest injustice. The presiding judge is also authorized to continue a case for good cause shown. Practice Book § 271. It is permissible to defer the hearing on damages until a trial of the factual issues raised by the appearing defendant has taken place. Culetsu v. Dix, 149, Conn. 456, 458,181 A.2d 116 (1962) (court did not err in proceeding to a trial of the cause of action against the appearing defendants without first holding a hearing in damages as to the defaulting defendants). The determination of when a hearing in damages will occur may thus be based on the court's authority to manage its docket. To hold the hearing in damages first would unnecessarily prejudice the rights of the defendant who has participated fully in this litigation and timely requested a jury trial of unresolved triable issues.
In light of the foregoing, the court takes no action on the plaintiff's request for a ruling as to collateral estoppel.
III. CONCLUSION
For the foregoing reasons, the defendant, Patriot General's, Motion to Strike is denied. CT Page 694-DDD
HANDY, J.